JOHN H. LANDINO, PROSE
124 Rumson Road
Rumson, NJ 07760
Telephone:  (201) 560-2500
Emails:   john.landino@gmail.com

FILED
IN CLERKS OFFICE
2020 OCT 16  AM 10: 55
U.S. DISTRICT
DISTRICT OF MASS. COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSSETTS

|  |  |
|---|---|
| JOHN H. LANDINO<br><br>Plaintiffs,<br><br>v.<br><br>MASSACHUSSETTS TEACHERS ASSOCIATION, John Does 1-10<br><br>Defendants. | DOCKET NO.: 1:20-cv-11392<br><br>**CIVIL ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **DEFAMATION**<br>(2) **18 U.S. CODE § 241.CONSPIRACY AGAINST RIGHTS;**<br>(3) **42 U.S. CODE § 1985.CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS;**<br>(4) **42 U.S. CODE § 1983.CIVIL ACTION FOR DEPRIVATION OF RIGHTS;**<br>(5) **42 U.S. CODE § 1986.ACTION FOR NEGLECT TO PREVENT;**<br>(6) **CIVIL CONSPIRACY**<br>(7) **FRAUD**<br>(8) **NEGLIGENCE**<br>(9) **HARRASMENT** |

1

Plaintiff John H. Landino, 124 Rumson Road, Rumson, New Jersey 07760, allege the following:

## I.   NATURE OF THE ACTION

1.     This is an action for relief from violations of Civils Rights, Defamation, Fraud, Civil Conspiracy, Negligence and Harassment.

2.     Plaintiff John H. Landino, ProSe, (Plaintiff) allege that Defendants Massachusetts Teachers Association (MTA), and John (or Jane) Does 1-10, all of whose true names are unknown, unlawfully conspired to publicly publish knowingly false information for the sole malicious purpose of retaliation and punishment of the Plaintiff for his 90 days of employment in 2014 at an entity called Project Veritas (PV).

3.     Plaintiff seeks relief, compensatory damages, speculative damages, consequential damages, punitive damages as remedies for Defendants' violations of my rights.

## II.   THE PARTIES

4.     Plaintiff worked as Chief Operating Officer for PV from January until the end of March 2014.

5.     Plaintiff is a resident of New Jersey and single father with full custody of two teenage daughters, both now first-generation college students.

6.     Both Plaintiff's teenage daughters attended high school in Massachusetts on generous scholarships to Northfield Mount Hermon School and Deerfield Academy.

7.     Plaintiff is the sole financial provider for both teenage daughters.

8.     Plaintiff's sister with her four children reside in Hingham, Massachusetts, the children attend Massachusetts public schools.

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

9.     The MTA is a union which it boasts of 110,000 members and close to 400 local associations throughout Massachusetts and with the **National Education Association (NEA)** [emphasis added] who's "three-way membership means you have a voice in determining priorities and direction in your school district, in Boston and in Washington". SEE EX 1

10.     The MTA and NEA combined membership is approximately 2,400,000 union members across the country. SEE EX 2

11.     The MTA and NEA are also affiliated and partially merged with the American Federation of Teachers (AFT), another union with approximately 1,700,000 members. SEE EX 3

12.     The MTA members and affiliates across the county are approximately 4,100,000 in total.

13.     A review of the public record irrefutably demonstrates that the MTA, both singularly and as a collective enterprise of unions, have "expressly aimed" their political fund raising, lobbying, advocacy of progressive liberal causes and the vilification of those with conservative political views.

14.     Defendants are liable for the acts and violations as set forth below.

15.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each of the Defendant Does 1-10 were responsible in some manner for the violations and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.

### III.   JURISDICTION AND VENUE

16.     Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

occurred in this District.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.   Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V.   FACTUAL ALLEGATIONS

18.   PV is a conservative media entity with long standing reports on and disputes with teachers' unions across the county. In 2010, PV produced at story called "Teachers Gone Wild" about the New Jersey Education Association.

19.   During the 90 days Plaintiff worked at PV in 2014, there was no stories or investigations involving any teachers' unions.

20.   On March 7, 2014, Gawker published a libelous and erroneous article smearing the Plaintiff followed shortly by Gawker filing for Bankruptcy for losing a Defamation case. Gawker reported Plaintiff was a convicted felon for narcotics, behind on tens of thousands in taxes and child support – erroneously portraying Plaintiff as a repugnant individual.

21.   On March 7, 2014, Plaintiff was finally awarded full custody of his teenage daughters after a decade in Family Court trying to protect them.  Plaintiff also owed no Child Support.

22.   Plaintiff's last day of work at PV was March 31, 2014, since this time until the present Plaintiff has had no contact, connection, association, or affiliation with PV nor any employee.

23.   Plaintiff is not a member or affiliated with any political entity or group.

24.   In 2015, PV recorded the President of the United Teachers of Wichita admitting to physically assaulting children in the classroom and being protected by

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

the union. This incident too resulted in a PV lawsuit also involving Ms. Lauren Windsor and DP.

25.     In May of 2016, Plaintiff received a full pardon for his 1993 Unclassified Felony conviction in Connecticut.

26.     In May of 2016, Plaintiff petitioned the Gawker article authors via email to remove the defamatory content. The authors hired an attorney who refused to cooperate with my requests citing the company was still in Bankruptcy court.

27.     Democracy Partners (DP), American Family Voices (AFV) and Project Veritas Exposed (PVE) are powerful progressive liberal lobbying entities in Washington, D.C., whose clients include numerous teachers' unions.

28.     DP, AFV and PVE combined to publish political opposition research, documents, and websites for their clients about PV's activities and employees.

29.     In 2017, DP filed a lawsuit against PV. Also, in the same year AFT filed a lawsuit against PV – both cases are ongoing at present.

30.     In 2018, PV won a lawsuit in Massachusetts District Court concerning the right to record public employees which would include Massachusetts teachers.

31.     At the end of 2018, Plaintiff finally paid back all tax arrears – all arrearage accumulated from Family Court post-divorce litigation from 2005-2018 costing Plaintiff over $250,000 in legal fees.

32.     DP and AFV had one of their comingled principles, Ms. Lauren Windsor, publish a website called Project Veritas Exposed - https://www.projectveritas.exposed/ approximately in June of 2018.

33.     PVE's website content focused solely on PV and its employees and investigators which also included a profile about the Plaintiff: https://www.projectveritas.exposed/john-landino SEE EX 4

34.     As per Ms. Lauren Windsor's court testimony on September 9, 2020, she states the Plaintiff PVE profile was published June 26, 2018. SEE EX 5

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

35.     PVE Plaintiff profile cites an erroneous and libelous Gawker article portraying Plaintiff as repugnant individual, deadbeat dad, and tax scofflaw. However, the profile included an "Update" stating Plaintiff was no longer a convicted felon as of May 10th, 2016 – this "update" was done on June 26, 2018. SEE EX 5 page 3 #16

36.     The PVE Plaintiff profile also states my employment at PV ended in 2014. SEE EX 4

37.     In October 2018, DP and Ms. Lauren Windsor filed a complaint against PV with the Ohio Elections Commission which was dismissed.

38.     On June 21, 2019 the MTA published on their website a 15-page dossier about PV: https://massteachers.org/-/media/massteacher/files/conferences/nea-ra/project-veritas.pdf?la=en SEE EX 6

39.     The PV dossier had libelous and erroneous information about the Plaintiff along with his picture and hyperlinks to his Facebook profile and the libelous and knowingly false Gawker article. SEE EX 7

40.     The URL which the MTA posted the full PV 15-page dossier contains a pathway to the stored file "massteacher" > "files" > "conferences" > "nea-ra" > "project-veritas" – this strongly indicates that the PV 15-page dossier was shared with the NEA, which is "the largest labor union and the largest white collar representative in the United States" and "it almost exclusively supports the Democratic Party." SEE EX 8

41.     PV dossier untrue statement #1 – Plaintiff... "often uses disguises and misrepresents themselves." SEE EX 6 page 1

42.     PV dossier untrue statement #2 – Plaintiff is the "COO" of PV. SEE EX 6 page 6 includes picture of Plaintiff

43.     PV dossier untrue statement #3 – Plaintiff is "People involved in right-wing undercover operations and organizations." SEE EX 6 page 11

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

44.     PV dossier untrue statement #4 – Plaintiff is the "COO" of PV. SEE EX 6 page 12

45.     PV dossier untrue statement #5 – on page 12 Plaintiff name printed "John Landino (COO, PV)" with text "COO" hyperlinked to the knowingly libelous Gawker article: https://gawker.com/james-okeefe-employes-a-convicted-felon-1538633934 SEE EX 6 page 12

46.     The MTA, DP, AFV and Ms. Lauren Windsor all knew on or before June 26, 2018 that I was not a convicted felon but in an act of extreme malice and retaliation they collectively conspired to linked my name to the erroneous Gawker article which was still live on the internet for the public to see.  SEE EX 4

47.     The Gawker article was removed from the internet in its entirety by the new owner of the Gawker property on March 30, 2020 after Plaintiff threatened legal action.

48.     On April 29, 2020 Plaintiff filed a civil case against the MTA, DP, AFV and Ms. Lauren Windsor in Bergen County Superior Court of New Jersey.

49.     On July 17, 2020 Bergen County Superior Court dismissed the MTA from the suit for Diversity advising me to file against the MTA in Massachusetts.

50.     During the New Jersey court proceedings, the MTA admitted to posting the PV 15-page dossier on their website.

51.     MTA's counsel during oral argument admitted the MTA "had on its website a document created by an entity called Project Veritas Exposed." SEE EX 9 sheet 2 numbers 22, 23, 24, 25 sheet 3 numbers 1, 2, 3, 4, 5, 6

52.     MTA's counsel then responded to an email from the Plaintiff after the hearing deceptively stating he was sure who gave and wrote the PV 15-page dossier to them.  Now a common theme emerges – a conspiracy to defraud the Plaintiff and the courts. SEE EX 10

53.     In the New Jersey court proceedings, Mr. Ryan Leach, Esq., Deputy

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

General Counsel of the MTA submitted an AFFIDAVIT but deceptively omits the origin and author of the PV 15-page dossier even though his counsel knows the author and origin. SEE EX 11 page 1 #5

54.     Mr. Leach, Esq., appears to mislead the court again in #8 of his AFFIDAVIT stating the "MTA simply placed the Dossier on its website, which is generally accessible to its membership and the Public." The troubling questions start to mount – the URL for the MTA's publishing of the PV 15-page dossier indicates it was used in coordination with its partner union, the NEA, at a conference(s) as well.  SEE EX 11 page 1 #8

55.     If the MTA and the NEA collectively distributed the PV 15-page dossier, then Mr. Leach, Esq., has committed perjury – a crime.  This is precisely why the Plaintiff added John Does 1-10 as the deception from the defendant is wide ranging and material.

56.     In the New Jersey court proceedings, Ms. Lauren Windsor of DP and AFV submitted an AFFIDAVIT where she also deceptively tells the court other than the "[Plaintiff PVE] profile…readily available online" they have never "published or disseminated any statement of any kind referencing Mr. Landino." SEE EX 4 page 2 #14

57.     The MTA conspired with DP, AFV, Ms. Windsor and possibly the NEA and more to maliciously harm the Plaintiff as part of a larger political, ideological, and legal battle that has been raging continuously for over a decade.

58.     Plaintiff's children attended high school in Massachusetts from 2017 through 2020 and were subjected to harm from the collective offenses intentionally committed to permanently destroy his reputation.

59.     Internet search engines placed the MTA PV 15-page dossier in the top selections when searching "John Landino", creating irreparable harm to the Plaintiff, his family and business. SEE EX 12

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

60.     Besides the strong possibility that the MTA distributed the PV 15-page dossier with the NEA, the website analytics for the dossier url will yield additional concrete data of the breadth of the distribution of their fraudulent statements about the Plaintiff.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
DEFAMATION

61.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

62.     Prima-facie evidence has been presented above, the MTA knew I was not the current COO of PV, the MTA knew I was not using disguises and misrepresenting myself, the MTA knew involved in right-wing undercover and organization, the MTA knew I was not a convicted felon but published on their website and possible with the NEA at conferences that I was all of the above.

63.     As a direct, legal and proximate result of the Defamation, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

64.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

### SECOND CLAIM FOR RELIEF
18 U.S. CODE § 241.CONSPIRACY AGAINST RIGHTS

65.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

66.     If two or more persons conspire to injure, oppress, threaten, or

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

67.     The MTA conspired with DP, AFV, Ms. Lauren Windsor and possibly the NEA to publishing knowingly false information about the Plaintiff.

68.     As a direct, legal and proximate result of the conspiracy and publishing's, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

69.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

## THIRD CLAIM FOR RELIEF
## 42 U.S. CODE § 1985.CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

70.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

71.     If one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

72.     The MTA and their coconspirators, by publishing knowingly false information about the Plaintiff, purposefully embargoed the Plaintiffs right to gainful employment, supporting his family and living free from fear of losing life, liberty, and the pursuit of happiness.

73.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

## FOURTH CLAIM FOR RELIEF
## 42 U.S. CODE § 1983.CIVIL ACTION FOR DEPRIVATION OF RIGHTS

74.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

75.      Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable

76.     The MTA and their coconspirators, by publishing knowing false information about the Plaintiff, purposefully embargoed the Plaintiffs right to gainful employment, supporting his family and living free from fear of losing life, liberty, and the pursuit of happiness.

77.     As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.


## FIFTH CLAIM FOR RELIEF
## 42 U.S. CODE § 1986.ACTION FOR NEGLECT TO PREVENT

78.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

79.     Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action

80.     The MTA and their coconspirators, by publishing knowingly false information about the Plaintiff, purposefully embargoed the Plaintiffs right to gainful employment, supporting his family and living free from fear of losing life, liberty, and the pursuit of happiness.

81.     As a direct, legal and proximate result of the offence above, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the MTA's actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY

82.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 60, above.

83.     "A common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement.".

84.     The MTA and their coconspirators, by publishing knowingly false information about the Plaintiff, purposefully embargoed the Plaintiffs right to

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

gainful employment, supporting his family and living free from fear of losing life, liberty, and the pursuit of happiness.

85.    As a direct, legal and proximate result of the offences above, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the MTA's actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

86.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

## SEVENTH CLAIM FOR RELIEF
FRAUD

87.    Plaintiffs incorporate by reference as if fully set forth herein allegations contained in paragraphs 1 through 60, above.

88.    The tort of fraud need only be proven by a "preponderance of the evidence.", Federal fraud law is defined under 18 U.S.C. § 10011 as knowingly and intentionally doing any of the following: Falsifying, concealing, or covering up by any trick, scheme, or device a material fact; Making any materially false, fictitious, or fraudulent statement or representation; or Making or using any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

89.    The US Supreme Court has ruled in 3 separate cases to uphold the common law maxim: Fraud Vitiates Everything. Those cases are: 1.   Nudd v. Burrows, 91 US 426 (1875), "Fraud destroys the validity of everything into which it enters" 2. Boyce's Executors v. Grundy, 3 Pet. (28 US) 210 (1830), "Fraud vitiates everything" 3.    United States v. Throckmorton, 98 US 61, 70 (1878) "Fraud vitiates the most solemn contracts, documents and even judgments".

90.    Prima-facie evidence has been presented above, the MTA knew I was

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

not the current COO of PV, the MTA knew I was not using disguises and misrepresenting myself, the MTA knew involved in right-wing undercover and organization, the MTA knew I was not a convicted felon but published on their website and possible with the NEA at conferences that I was all of the above..

91.    As a direct, legal and proximate result of the offence above, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

92.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

## EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE

93.    Plaintiffs incorporate by reference as if fully set forth herein allegations contained in paragraphs 1 through 60, above.

94.    In Massachusetts, negligence law consists of four elements: duty, breach, causation, and damages. The person claiming negligence must prove each of these four elements to make his or her case, using a preponderance of evidence. Negligence can only be established when the defendant owes the plaintiff a legal duty to use reasonable care.

95.    Prima-facie evidence has been presented above, the MTA knew I was not the current COO of PV, the MTA knew I was not using disguises and misrepresenting myself, the MTA knew involved in right-wing undercover and organization, the MTA knew I was not a convicted felon but published on their website and possible with the NEA at conferences that I was all of the above.

96.    As a direct, legal and proximate result of the offence above, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial.

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

97.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff.

## NINTH CLAIM FOR RELIEF
### HARRASMENT

98.     Plaintiffs incorporate by reference as if fully set forth herein allegations contained in paragraphs 1 through 60, above.

99.     Harassment is defined under Massachusetts statutes as "willfully and maliciously" engaging in behavior that alarms a person or would cause a reasonable person emotional distress.

100.    Prima-facie evidence has been presented above, the MTA knew I was not the current COO of PV, the MTA knew I was not using disguises and misrepresenting myself, the MTA knew involved in right-wing undercover and organization, the MTA knew I was not a convicted felon but published on their website and possible with the NEA at conferences that I was all of the above.

101.    As a direct, legal and proximate result of the offence above, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

1.     For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT

2.     For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

3.     For punitive damages in an amount to be determined at trial;

4.     For speculative damages in an amount to be determined at trial;

5.     For consequential damages in an amount to be determined at trial;

6.     For such other and further relief as this Court deems just and proper.

Dated:  October 14, 2020          Respectfully submitted,

John H. Landino, ProSe

By: _____

JOHN H. LANDINO, PROSE

COMPLAINT FOR CIVIL RIGHTS, DEFAMATION, FRAUD, CIVIL CONSPIRACY, NEGLIGENCE & HARRASMENT