UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN H. LANDINO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MASSACHUSETTS TEACHERS )<br>ASSOCIATION, JOHN DOES 1-10, )<br>)<br>Defendants )<br>) | CIVIL ACTION NO.: 1:20-cv-11392-DJC |

## JOINT STATEMENT

The parties submit the following Joint Statement, and propose as follows:

**I.     Proposed Discovery Plan.**

**Plaintiff's Proposed Discovery Plan:**

Plaintiff proposes the following discovery plan for the conduct of this litigation:

1.     <u>Initial Disclosures</u>.  Disclosures under Fed. R. Civ. P. 26(a)(1) to be served by July 6, 2021.

2.     <u>Written Discovery</u>.  Initial written discovery requests must be served by July 1, 2021.  Follow-up requests may be made prior to the close of written discovery, assuming the parties timely respond to the initial requests.

3.     <u>Discovery</u>.  Plaintiff proposes standard discovery. The defamation claim in this action is still active, and new information has come to light regarding the Civil Conspiracy claim, that although it was dismissed, it seems abundantly likely that once discovery is completed, more facts will come to light regarding either variant of the Civil Conspiracy theory as broken down by the court, but more likely part one as well as the 1983 claim and possibly others. The tweets and messages sent out, more of which continue to be discovered and more

will likely come to light through discovery assuming Defendants produced the relevant information that will be requested in good faith, means that this claim will likely be added back prior to the final stages of litigation in this matter. Even without current discovery, it is clear there has been a widespread effort to discredit and attack me personally and my business, and this is why we do not seek a "phased" or limited discovery, but rather proper discovery being permitted for its true purpose; to uncover information relevant to the current claim, as well as any others that stem from that information.

    4.    <u>Depositions and Fact Discovery</u>.

The written phase of fact discovery to be completed by October 31, 2021.

Fact Depositions shall be permitted until March 31, 2022.

Expert Reports shall be due by April 30, 2022.

Expert Depositions shall be permitted until June 1, 2022.

Plaintiff already knows of several depositions that are sought, and will likely need more once the written discovery phase is completed.

**<u>Defendant's Proposed Discovery Plan</u>**

Defendant proposes the following discovery plan for the conduct of this litigation:

    1.    <u>Initial Disclosures</u>.  Disclosures under Fed. R. Civ. P. 26(a)(1) to be served by July 6, 2021.

    2.    <u>Written Discovery</u>.  Initial written discovery requests must be served by August 6, 2021.  Follow-up requests may be made during the period of time set forth in Sections 3 and 4 below.

    3.    <u>Phased Discovery</u>.  Defendant proposes that phased discovery be conducted.  The first phase will be limited to discovery concerning the truth or falsity of the alleged defamatory

statements, whether Defendant was at fault in making the alleged defamatory statements, and Plaintiff's damages resulting from the alleged defamatory statements. The second phase, which will proceed after the Court rules on dispositive motions (should such motions not result in termination of the case), will be directed at any additional information needed to prepare for trial.

4.  <u>Depositions and Fact Discovery</u>.  The first phase of fact discovery to be completed by September 30, 2021.  The second phase of fact discovery to be completed within sixty (60) days of the Court's ruling on any dispositive motion, should such motion be denied.  Defendant intends to take the deposition of Plaintiff during the first phase of discovery.

**II.      Proposed Schedule for Filing of Motions.**

**Plaintiff's Proposed Schedule:**

Plaintiff proposes the following schedule for filing of motions:

1.  All motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses must be filed by June 15, 2022.

2.  Dispositive motions must be filed no later than July 15, 2022.

3.  Oppositions to dispositive motions must be filed within twenty-one (21) days after service of the motion.  Reply briefs shall be filed within fourteen (14) days after service of the opposition.

**Defendant's Proposed Schedule:**

Defendant proposes the following schedule for filing of motions:

1.  All motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses must be filed by August 6, 2021.

2.  Dispositive motions must be filed no later than November 5, 2021.

3.  Oppositions to dispositive motions must be filed within twenty-one (21) days after service of the motion. Reply briefs shall be filed within fourteen (14) days after service of the opposition.

### III. **Settlement Discussions.**

The Plaintiff <u>has not</u> served a settlement demand on the Defendant.

### IV. **Magistrate Judge.**

The parties <u>do not</u> consent to submit this case to a Magistrate Judge.

### V. **Certification Under Local Rule 16.1(d)(3).**

Plaintiff's certifications under Local Rule 16.1(d)(3) are below.

Defendant's certifications under Local Rule 16.1(d)(3) are below.

### VI. **Summary of Positions.**

### 1. **Plaintiff's Position.**

As stated previously, the Plaintiff looks to vigorously pursue the current claim through robust discovery, and then add an addition parties and/or claims that come to light through the discovery. In this case, it is specifically shown by the statements made that can clearly cause Plaintiff harm, given the current environment we are in see: "Police: Fall River man threw 82-year-old wearing Trump hat to the ground, violently kicked him" (June 4, 2020) < https://whdh.com/news/police-fall-river-man-threw-82-year-old-wearing-trump-hat-to-the-ground-violently-kicked-him/amp/ > (Link active as of December 21, 2020). Additionally, Prima-facie evidence has been presented to the court, the MTA knew Plaintiff was not the current COO of PV, the MTA knew Plaintiff was not using disguises and misrepresenting himself, the MTA knew he was not involved in a right-wing undercover organization, the MTA knew he was not a convicted felon but published on their website these items and possible in

concurrence with the NEA and others as well. The court permitted this claim to proceed, but it is through this claim that there are likely several more claims once discovery is completed. Further, as a direct, legal and proximate result of the Defamation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to harm the Plaintiff. Further, Plaintiff is not, by any definition, a "public figure" and as such, does not need to prove "actual malice". Nonetheless, he continues, to this day, to suffer from the harms brought on by Defendant and other parties working with Defendant.

Additionally, my children were subjected to harm, abuse, embarrassment and constant distress. █████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████

     ██████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████ █████████████████████████████████████ .

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
    ███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████
    ███████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████

█

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████

███████████

　　　█████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

　　　█████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████

    █████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████


████████████

    ████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████

I have already had many friends approach me about the defendants publishing while most just choose not to associate with a repugnant individual as described by the defendants and their conspirators. The damage to me personally and reputationally is permanent – even filing this action continues the public perception that I am an enemy to progressive society. Just last month many articles portray Project Veritas as running counterintelligence operations against the Federal Bureau of Investigation during the time the defendants erroneously stated I was still working there, again they knew I was no longer employed as of 2014. There is no end in sight for me. The defendants have permanently designated me to pariah status in the community. Sharing the Gawker article, without any declaration that they knew the story to be not true, as "leaders in education" in the State of Massachusetts while my children were attending school there is unconscionable and irreparable harm to me, my family and my business.

My children will go on to post graduate studies, need cars, apartments and weddings soon; the ability to provide for my daughters has been stolen by the defendants who intentionally harmed me, my family and my business.

https://www.nytimes.com/2021/05/13/us/politics/mcmaster-fbi-trump-project-veritas.html

https://gizmodo.com/project-veritas-reportedly-turned-its-feckless-smear-ma-1846891091

For these reasons, Plaintiff will be seeking an economic impact expert, to deduce the total damages for the lifetime of Plaintiff's business from Defendant's actions, as well as an expert to show the emotional impact of those damages on Plaintiff and his family as well.

2. **Defendant's Position.**

Count I of Plaintiff's Amended Complaint (the sole surviving claim in this action) alleges that Defendant that published defamatory statements on its website by providing a link to a "Project Veritas Dossier" (the "dossier") that allegedly contained untruthful information about

him.  Specifically, Plaintiff alleges that the dossier describes Project Veritas as a "right-wing undercover" organization or operation, states that "people involved in Project Veritas often use disguises and misrepresent themselves," and identifies Plaintiff as the "COO" of Project Veritas.  Plaintiff's defamation claim cannot succeed for multiple reasons.

As an initial matter, the statements in the dossier describing Project Veritas are true and therefore, by definition, cannot be defamatory.  The evidence will show that Project Veritas is an organization that uses "undercover journalists" to obtain and publish content in order to disrupt organizations, including teachers' unions, that it considers to be ideological opponents.  The dossier did not specifically target Plaintiff, but instead included him on a lengthy list of individuals believed to be associated with Project Veritas, along with an express disclaimer stating that "some people who are not operatives may coincidentally have the same name, and some people may no longer be acting as or facilitating operatives."  The only statement in the dossier that concerns Plaintiff specifically is the title of "COO" under his photograph.  Plaintiff admits that he was, in fact, formerly the COO of Project Veritas.  Moreover, merely identifying an individual as the COO of an organization, in and of itself, is not capable of a defamatory meaning.

The evidence will also show that Defendant is not at fault because it acted neither negligently nor maliciously.  Defendant simply posted a link to a dossier about Project Veritas that had been published by a third party and provided to Defendant.  Defendant made no representations as to the accuracy of the representations in the dossier, and its reason for posting the dossier had nothing to do with Plaintiff.  Instead, Defendant posted the dossier because it considered it to be a potentially useful resource for making its members aware of the activities of Project Veritas so that they could avoid having their private meetings infiltrated and potentially be mispresented in a Project Veritas report.  Defendant did not intentionally provide the dossier to

anyone but its Massachusetts membership. When Plaintiff contacted Defendant and complained about the dossier identifying him being posted on its website, Defendant promptly removed the link.

Finally, posting a link to material that was previously published by another party cannot as a matter of law give rise to a claim to a defamation claim against Defendant under the "single publication rule." *See Wolsfelt v. Gloucester Times*, 98 Mass. App. Ct. 321, 151 N.E.3d 737, 743 (2020) ("Rather than each copy giving rise to a separate cause of action, the single publication rule treats the aggregate communication as one publication that gives rise to one and only one cause of action.").

With respect to Plaintiff's alleged damages, Defendant's position is that Plaintiff will be unable to prove that any such damages are causally connected to Defendant's posting of a link to the dossier.

The remaining claims alleged in the Amended Complaint (Counts 2 through 9) have already been dismissed by the Court and may not be relitigated.

Respectfully submitted,

For the Plaintiff,       For the Defendants,

/s/ John H. Landino  
John Landino, pro se  
124 Rumson Road  
Rumson, NJ 07760

/s/ Justin L. Engel  
Kenneth M. Bello, BBO #036630  
Justin L. Engel, BBO #683894  
Bello Welsh LLP  
125 Summer Street, Suite 1200  
Boston, MA 02110  
(617) 247-4100  
kbello@bellowelsh.com  
jengel@bellowelsh.com

Dated: June 14, 2021

## PLAINTIFF'S PROPOSED DISCOVERY SCHEDULING ORDER

1. Initial interrogatories must be served by July 1, 2021.

2. Initial Requests for Documents must be served by July 1, 2021.

3. Initial Requests for Admissions must be served by July 1, 2021.

4. Follow-up requests may be made prior to the close of written discovery at any time.

5. Discovery motions are permitted per the court rules to be field at any time prior to the close of written discovery, if needed.

6. The written phase of fact discovery to be completed by October 31, 2021.

7. Fact Depositions shall be permitted until March 31, 2022.

8. Expert Reports shall be due by April 30, 2022.

9. Expert Depositions shall be permitted until June 1, 2022.

10. All motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses must be filed by June 15, 2022.

11. Dispositive motions must be filed no later than July 15, 2022.

12. Oppositions to dispositive motions must be filed within twenty-one (21) days after service of the motion.

13. Reply briefs shall be filed within fourteen (14) days after service of the opposition.

_____
J.

**DEFENDANT'S CERTIFICATION PURSUANT TO L.R. 16.1(d)(3))**

In accordance with L.R. 16.1(d)(3) and this Court's September 29, 2020 Notice of Scheduling Conference, the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: June 14, 2021

| COUNSEL FOR DEFENDANT | MASSACHUSETTS TEACHERS ASSOCIATION |
|---|---|
| /s/ *Justin L. Engel* | /s/ *Ryan Leach* |
| Justin L. Engel | Ryan Leach, Deputy General Counsel |

## **PLAINTIFF'S CERTIFICATION PURSUANT TO L.R. 16.1(d)(3))**

In accordance with L.R. 16.1(d)(3) and this Court's September 29, 2020 Notice of Scheduling Conference, the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: June 14, 2021

PLAINTIFF

*/s/ John H. Landino*
John Landino, pro se

## CERTIFICATE OF SERVICE

I, John H. Landino, hereby certify that on June 14, 2021, I electronically filed the foregoing *Joint Statement* using the CM/ECF system, which will send notification of such filing to all registered participants.

                                          */s/ John H. Landino*
                                          John H. Landino