**John H. Landino, Pro se**
124 Rumson Road
Rumson, NJ 07760
Phone:201-560-2500
E-mail: john.landino@gmail.com

UNITED STATES DISTRICT COURT FOR MASSACHUSSETTS

| | |
|---|---|
| JOHN H. LANDINO<br>　　　Plaintiff<br><br>　　v.<br><br><br>Massachussetts Teachers Assoc., Jane Does 1-10 et al<br>　　　Defendants | No.  1:20-cv-11392<br><br><br>FIRST SET OF INTERROGATOIRES TO DEFENDANT |

TO:　MASSACHUSETTS TEACHERS ASSOCIATION
　　　c/o Bello Welsh LLP
　　　125 Summer Street, Suite 1200
　　　Boston, MA 02110

　　　PLEASE TAKE NOTICE that Plaintiff John H. Landino demands answers to the following

interrogatories from Defendant, Massachussetts Teachers Association, under oath in the manner

prescribed by law, within the time prescribed by the rules hereof or as set by the court. If you do

not have exact information, give approximate information and state that same is approximate.

<u>INTRODUCTION</u>

A.　In answering these interrogatories, furnish all information in your possession or available
　　to you.  You should supplement your responses immediately as you or your attorneys or
　　other representatives obtain additional information in accordance with the Civil Practice
　　Rules.  Each Interrogatory shall be construed to include information within respondent's
　　knowledge, possession, custody or control or the knowledge, possession, custody or
　　control of respondent's agents as of the date of its answers to these Interrogatories as well
　　as any information, knowledge data, document or communication that subsequently is
　　obtained or discovered and that demonstrates that any answer originally provided in
　　response to these Interrogatories was incorrect or incomplete in any way when made or
　　subsequently become incorrect or incomplete; such supplemental information to be
　　promptly supplied.

B       Each interrogatory and interrogatory subpart should be accorded a separate answer.  The source of each answer should be separately set forth and identified, unless the persons signing the answers hereto under oath have personal knowledge of the facts or information forming the basis of all answers given.

C.      If the response to any Interrogatories consists in whole or in part of an objection relating to or including burdensomeness, then with respect to such response:

    1.      Provide such information as can be ascertained without undue burden;
    2.      State with particularity the basis for such objection, including;
        (a)      a description of the process or method required to obtain any fact responsive to the Interrogatory; and
        (b)      the number of files and/or documents need to be searched; and
        (c)      the location of such files; and
        (d)      the number of employee hours required to conduct the search; and
        (e)      the estimated cost of the search.
    3.      Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the Interrogatory can be obtained; and
    4.      State whether the documents or other sources will be made available for inspection and copying.

D.      If the response to any Interrogatory consists in whole or in part of an objection relating to or founded upon any type or privilege or immunity:

    1.      Identify the privilege or immunity claimed and detail the facts underlying your invocation of such privilege or immunity; and
    2.      Describe the nature of the document (e.g. letter, memorandum, telephone call, in person conversation); and
    3.      State the date of the document or communication; and
    4.      Identify the person who created or originated the document or communication; and
    5.      Identify the person who sent the document or made the communication; and
    6.      Identify the person who received the document or communication; and
    7.      Identify each person who reviewed the document or communication; and
    8.      Identify each person to whom some or all of the contents of the document or communication were communicated; and
    9.      State the subject matter of the document or communication.

E.      If the response to the Interrogatory consists in whole or in part of any other objection;

    1.      Provide such information as can be ascertained;
    2.      State with particularity the basis for such objection.

F.      For each separate Interrogatory identify each of those individuals with whom you consulted, upon whom you relied, or who otherwise provided information for you in connection with the preparation of your answers to these Interrogatories.

G.  If any document which forms a part of or the entire basis for any response to these Interrogatories has been destroyed, for each such document state when it was destroyed, identify the person who destroyed the document and the person who directed that it be destroyed.  Also, detail the reasons for the destruction, describe the nature of the document, identify the persons who created, sent and received the document, state the date of the document and state in as much detail as possible the contents of the document.

H.  In answering these Interrogatories furnish all information that is known to you or your agents.  If any of these Interrogatories cannot be answered in full, answer them to the fullest extent possible, detailing the reasons for your inability to answer the remainder and stating fully the information, knowledge or belief you now have concerning the unanswered portions.

I.  All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.  Where required by a particular paragraph of these interrogatories, documents produced shall be segregated further and identified as indicated in said paragraph.  For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner to preserve and identify the file from which such documents were taken.

J.  All documents produced in response to these interrogatories shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested, shall include interim as well as final editions of a document, and shall include all editions or copies of a document that are not identical to (whether due to handwritten notations, or revisions, or otherwise) the original or other produced copy of a document.

K.  If the information called for by an interrogatory is in whole or in part contained in documents, the information may be supplied by attaching copies of the relevant documents to your answers to the interrogatories to the extent that the documents contain the information requested, as long as same is noted in narrative form in the answer to interrogatory.

L.  If there is insufficient space to answer an interrogatory, the remainder of the answer should be put on a supplemental sheet.

## DEFINITIONS

For the purposes of these requests, the following definitions will apply:

(a)  "Person" means a natural person, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity, a corporation, partnership, proprietorship, joint venture, firm, association, government or social entity, and any employee or agent thereof.

(b)  "Communication" means any meeting, statement, document, conversation, transmittal of information or request for information, whether written, oral or by other name.

(c)  "Document" means the original and all nonidentical copies of any written, typed, printed, photocopied, photographic or tape recorded matter of any kind, including, but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, paper communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording tape recorded or by electronic or any other means, computer generated information, computer software, computer programs, intra-office communications, inter-office communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, napkins, contracts, invoices, balance sheets, telexes, cables and all other graphic materials, writings and instruments, however produced or reproduced, and whether a draft or final version.

(d)  "Identify" means

    (i)  With respect to a natural person: his full name, his present or last known residence address, his present or last known job title and responsibilities, the address of his present or last known employer, his job title and responsibilities at the time in question, and the address of his employer at that time;

    (ii)  With respect to a corporation: its full name, its state of incorporation, its place of business, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matters in question;

    (iii)  With respect to a partnership: all of the information requested in the immediately preceding subpart, with the exception of the state of incorporation, and the additions of the names of each partner;

    (iv)  With respect to a person other than a natural person corporation or partnership: its official name, it organization form, and its address, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matter in question;

    (v)  With respect to a document:  (1) the nature of the document, the substance of its contents, its date and place of preparation, its author and recipients, serial or file number, and the identity of its present location and custodian, or (2) in lieu thereof, production of the document;

    (vi)  With respect to a communication:  the manner of the communication, the date of and parties to the communication, where it took place, its substance, and the identification of all documents that relate to the communication;

    (vii)  With respect to an event:  the date on which it took place, the persons who participated, and the substance of the activity or communication involved.

(e)     "Relating" or "concerning" means pertaining, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referencing or referring to in any way.

(f)     "Describe" or "description" means, in the case of an act, event, transaction, relationship, thing or occurrence:

    (i)     A detailed description, including identification of dates, places, persons involved, and means employed;

    (ii)    Identification of your sources of information concerning such act, event transaction, thing or occurrence, including the date you received such information;

    (iii)   Identification of each person having knowledge of such act, event, transaction, thing or occurrence; and

    (iv)    Identification of each communication and each document relating to such act, event, transaction, thing or occurrence.

(g)     "State the basis" means to identify each fact relating to the topic at issue, each document and communication relating to such topic, each person having knowledge of such topic, and each source of information relating to the topic.

(h)     "You" and "your" means his/her agents, his representatives, and/or employees, unless otherwise designated.

(i)     "And" includes "or" and vice Versa; the singular form includes the plural form and vice versa; the masculine includes the feminine and vice versa; the past tense of verbs includes the present tense and vice versa.

(j)     "Including" means including, without limitation.

### *<u>INTERROGATORIES</u>*

1.      State the name, address, telephone number, and relationship to the party upon whom these interrogatories were served of the person(s) answering these interrogatories and has the person who answered these interrogatories made such inquiry of all knowledgeable persons as to enable him or her to provide full and complete answers to these interrogatories?
ANSWER:

2.      If the answer to the preceding interrogatory is in the affirmative, as to such persons, please state the following:

    (a)     name;
    (b)     address;
    (c)     telephone number;
    (d)     job title;
    (e)     job description;
    (f)     relationship to the plaintiff and defendant;
    (g)     the present location of such person;
    (h)     the number of the interrogatory that such person(s) assisted in answering.

ANSWER:

3.      Set forth with specificity each and every fact that the party answering these interrogatories intends to assert in support of its case in chief and, attach all related documents in support of each fact and identify same with the number of this interrogatory.

ANSWER:

4.      Attach all documents which the Plaintiff claims are related to this lawsuit to these answers to interrogatories and identify said documents with the number of this interrogatory.

ANSWER:

5.      Did you or any person on your behalf take or receive any statements, either orally or in writing, from any person, including parties, who had any information or knowledge relating to the alleged occurrence which is the subject of this action?
ANSWER:

6.      If your answer to the preceding interrogatory is in the affirmative, state as to each such person:

      (a)     his or her name and address;
      (b)     the date of any such statement;
      (c)     the substance of any such statement;
      (d)     whether such statement is in writing.  If the statement is in writing, attach a copy of these answers to interrogatories.

ANSWER:

7.      List the names, addresses, job title, responsibilities and relationship to the party answering these interrogatories of any persons known to have knowledge of the facts surrounding this lawsuit.  Describe with specificity the information known by such persons.
ANSWER:

8.      Has any correspondence, documents, memoranda, policies of insurance, contracts, reports, or writings of any kind which in any way pertain to the subject matter of this lawsuit been destroyed and/or misplaced?
ANSWER:

9.      If your answer to the preceding interrogatory is in the affirmative, state:

     (a)     a description of the destroyed or misplaced document;
     (b)     the date of the destruction of the documents or the date when the documents were last seen;
     (c)     the reason for the destruction of the documents;
     (d)     the names, addresses, job title, job description and relationship to the person answering these interrogatories of all persons who had knowledge of such documents.

ANSWER:

10.     List the names, addresses, telephone numbers, relationship to the party answering these interrogatories, employment, employment addresses and employment telephone numbers of all persons whom any agents, employees, officers or operators of the party propounding these interrogatories spoke with about the facts underlying this lawsuit.

     (a)     specifically describe the contents of each conversation with each person;
     (b)     state the location of each conversation;
     (c)     list the names of all persons present at the time of each conversation;
     (d)     attach all related documents to these answers to interrogatories and identify said documents with the number of this interrogatory.

ANSWER:

11.     Attach to these answers to interrogatories all documents which have any bearing upon the factual questions at issue in the present litigation and identify said documents with the number of this interrogatory, to the extent that there are other documents not produced in response to your answer to the interrogatories above.
ANSWER:

12.     Set forth the names, addresses and telephone numbers of each person who has knowledge of facts relevant to the within manner and as set forth in the Complaint and indicate for each such person listed:

      (a)    the substance of what each person knows;
      (b)    whether such individual has given any statement or account of the
      (c)    same, either oral or in writing, or his or her knowledge;
      (d)    the substance of any such oral statement and alternatively attach a copy of every page, writing or memorandum of which said statement is composed;
      (e)    the names and addresses of all persons present when said statement was taken or made.

ANSWER:

13.     If the answer to the preceding interrogatory is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made.  If the declaration against interest was reduced to a writing, attach a copy hereto and identify said documents with the number of this interrogatory.
ANSWER:

14.     State the names, addresses and specialties of any and all proposed expert witnesses, and state as to each expert:

      (a)    the subject matter on which the expert is expected to testify;
      (b)    the substance of facts and opinions to which the expert is expected to testify;
      (c)    a summary for the grounds for each opinion;
      (d)    in addition, attach hereto copies of all proposed expert reports, and if same are oral in nature, kindly comply with the above.

ANSWER:

15.     Has the person who answered these interrogatories reviewed any documents or any other thing in order to provide full and complete answers to these interrogatories other than those set forth above?
ANSWER:

16.     Has any correspondence, documents, memoranda, policies of insurance, contracts, reports, or writings of any kind which in any way pertain to the subject matter of this lawsuit been destroyed and/or misplaced? If your answer is in the affirmative, state:

   (a)     a description of the destroyed or misplaced document;
   (b)     the date of the destruction of the documents or the date when the documents were last seen;
   (c)     the reason for the destruction of the documents;
   (d)     the names, addresses, job title, job description and relationship to the person answering these interrogatories of all persons who had knowledge of such documents.

ANSWER:

17.      Set forth the Defendant's relationship with Democracy Partners and American Family Voices, as well as any documents between Defendant and these entities as related this case.
ANSWER:

18. Set forth the Defendant's relationship with Lauren Windsor, as well as any documents between Defendant and This individual as related this case.
   a.  Please include all communications between Defendant and Lauren Windsor;
   b.  Please include who had knowledge of any Affidavits Lauren Windsor in regards to all suits brought by Plaintiff against this Defendant or any other litigation that Plaintiff is currently involved in that she submitted an affidavit for; and
   c.  Please include who reviewed, if anyone, any Affidavits Lauren Windsor signed in regards to all suits brought by Plaintiff against this Defendant or any other litigation that Plaintiff is currently involved in that she submitted an affidavit for.

ANSWER:

19. What was Wonder Hollingsworth's role at the MTA and why and when did she leave the MTA?
   a. Please include all documents regarding her departure or firing and
   b. Her last known addresses

ANSWER:


20. What was Jessica Parlon's role at the MTA and why and when did she leave the MTA?
   a. Please include all documents regarding her departure or firing and
   b. Her last known addresses

ANSWER:

21. Did Jessica Parlon share The Dossier with anyone? If so, who gave permission to share it?


ANSWER:


22. Please supply the name of all individuals known who authored or had any part in creating the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

ANSWER:


23. When did the MTA "publish" The Dossier on their website or any other forum or publication and who authorized such as a publication?

ANSWER:


24. When did Chubb MTA attorney Timothy Malacrida receive The Dossier and NEA email distributing it?

ANSWER:


Interrogatories Propounded By:

 /s/ John H. Landino

John H. Landino, Pro se

<u>CERTIFICATION</u>

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

By:_____(sign and print name)

Dated:_____, 2021

<u>INDIVIDUAL CERTIFICATION</u>

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

_____(sign and print name)

Dated: _____, 2021

<u>CORPORATE VERIFICATION</u>

STATE OF _____ :

                                     ss.

COUNTY OF _____ :

_____, being duly sworn according to law, upon his/her oath

deposes and says:

1.    I   am   _____   of

_____, a corporation of the State of

_____ the  in the above entitled action, and am the agent of the corporation for

the purposes of answering the interrogatories served upon the attorneys for said corporation in this

action by the , and for making this certification.

2.    I have read the said interrogatories and the foregoing answers hereto are true in

every detail according to my best knowledge, information and belief.

_____
(Signature of Corporate Officer)

Sworn to and subscribed before me this
_____ day of _____ 2021

_____
(Affix Seal)
Notary Public of _____

**John H. Landino, Pro se**
124 Rumson Road
Rumson, NJ 07760
Phone:201-560-2500
E-mail: john.landino@gmail.com

## UNITED STATES DISTRICT COURT FOR MASSACHUSSETTS

| | |
|---|---|
| JOHN H. LANDINO<br>    Plaintiff<br><br>    v.<br><br><br>Massachussetts Teachers Assoc., Jane Does 1-10 et al<br>       Defendants | No.  1:20-cv-11392<br><br><br>FIRST SET OF REQUESTS FOR<br>DOCUMENTS TO DEFENDANT |

TO:    MASSACHUSETTS TEACHERS ASSOCIATION
       c/o Bello Welsh LLP
       125 Summer Street, Suite 1200
       Boston, MA 02110

PLEASE TAKE NOTICE that Plaintiff John H. Landino hereby demands from Defendant,

Massachussetts Teachers Association, pursuant to the applicable rules of civil procedure, that

Defendant produce all documents responsive to each of the requests below within the time and

manner prescribed by the applicable rules of civil procedure.

<u>INSTRUCTIONS AND DEFINITIONS:</u>

As used herein:

(A)    "You" means the party(ies) in interest.

(B)    "Address" means the present or last known street name and number, city or town, state and
       zip code.

(C)    "Document" or "documents" means the original and any identical or non-identical copy,
       regardless of origin or location, or any writing or record of any type or description,
       including but not limited to, the original and any copy of any book, pamphlet, periodical,
       letter, memorandum, telegram, report, record, study, handwritten or other note, working
       paper, e-mail, computer data, chart, paper, graph, index, tape, disc, data sheet or data

processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, loan documents, mortgage, note, agreements, option to purchase, memorandum of agreement, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other date compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff or his attorneys has or has had access.

(D)     "Person" or "persons" means a natural person, firm, proprietorship, association, corporation or any other type of organization or entity.

(E)     As used herein, "relative to," "relating to," "relates to" or "relevant to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(F)     If you claim privilege as to any of the documents covered by these requests, identify the document by author, date and recipients of the original and all copies, and specify the privilege being claimed.

(G)     In construing these requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter pronoun shall not exclude the other genders.

(H)     "Identify" means but is not limited to the name, telephone number, address, last known employer, business and residential address and relationship, if any, of the person identified, the date originated, the subject of and the identity of the person presently exercising possession of any document identified.


IF ANY CLAIM OF PRIVILEGE IS MADE AS TO ALL OR ANY PART OF ANY OF THE CATEGORICAL REQUESTS HEREINBELOW, YOU ARE TO SERVE A PRIVILEGE LOG WITH YOUR RESPONSE TO THIS REQUEST FOR PRODUCTION, WHICH PRIVILEGE LOG SHALL INCLUDE A GENERIC DESCRIPTION OF THE DOCUMENT, THE AUTHOR THEREOF, THE INTENDED RECIPIENT THEREOF, THE DATE THEREOF, AND THE IDENTIFICATION OF ANY PRIVILEGE(S) CLAIMED AS TO THE DOCUMENT.


### **Documents to be produced:**

1.     All attachments sent in the June 19, 2019 email from NEA.

2.   Copies of all publication methods of the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

3.   Communications with all recipients who received the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

4.   All META data from the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

5.   Webpage analytics reports for both urls:

   a.   https://massteachers.org/-/media/massteacher/files/conferences/nea-ra/project-veritas.pdf?la=en

   b.   https://massteachers.org/events-and-confrences/nea-ra/tips-for-protecting-yourself

6.   All META data for, and a full list of who had access to this page, and how long it was up for: https://massteachers.org/events-and-confrences/nea-ra/tips-for-protecting-yourself

7.   All documents and communications from the NEA, Ellen Bradley, Kimberly Domingez or anyone else that Defendant spoke with regarding The Dossier.

8.   All documents and content from the internal/external web address "nea-ra" from 2019 and 2020.

9.   All delegates from MTA attended the 2019 NEA RA.

10.   All communications and documents  associated with the 2019 annual meeting, as to project veritas and The Dossier from Jessica Parlon.

11.   All communications and documents  associated with the 2019 annual meeting, as to project veritas and The Dossier from Wonder Hollingsworth.

12.   All communications and documents  associated with the 2019 annual meeting, as to project veritas and The Dossier from Ryan Leach.

13. All staff attorneys or retained/contracted attorneys from June 2019 through May 2020 by Defendant for any matters.

14. All legal cases that Defendant was involved in from June 2019 through May 2020.

15. All communications between Ryan Leach And Chubb Insurance regarding the NEA June 19, 2019 email.

16. All communications between Defendant and NEA, specifically when Defendant sent NEA The Dossier.

17. All communications between Defendant and anyone who was sent The Dossier.

18. All documents regarding the chain of custody/distro methods/publication methods/distro recipients of The Dossier.

19. List of all 2019 NEA RA attendees and their union/affiliation/association/entity they belong to.

20. Every recipient of the June 19, 2019 email from Ellen Bradlay "Subject: Annual Meeting/Project Veritas" and all attachments.

21. All communications between Defendant and Ellen Bradley.

22. All communications between Defendant and Kim Dominguez.


July 21, 2021                                  By: /s/ John H. Landino
                                               John H. Landino, Pro se

**John H. Landino, Pro se**
124 Rumson Road
Rumson, NJ 07760
Phone:201-560-2500
E-mail: john.landino@gmail.com

UNITED STATES DISTRICT COURT FOR MASSACHUSSETTS

| | |
|---|---|
| JOHN H. LANDINO<br>       Plaintiff<br><br>         v.<br><br>Massachussetts Teachers Assoc., Jane Does 1-<br>10 et al<br>       Defendants | No.  1:20-cv-11392<br><br>FIRST SET OF REQUESTS FOR<br>ADMISSIONS TO DEFENDANT |

TO:   MASSACHUSETTS TEACHERS ASSOCIATION
      c/o Bello Welsh LLP
      125 Summer Street, Suite 1200
      Boston, MA 02110

PLEASE TAKE NOTICE that that Plaintiff John H. Landino hereby demands from Defendant, Massachussetts Teachers Association, answer the following Requests for Admissions within thirty (30) days of the date hereof, pursuant to the applicable rules of civil procedure.

PLEASE TAKE FURTHER NOTICE that unless the undersigned is in receipt of the written answers or objections to the within Requests for Admissions within thirty (30) days of the date hereof, each matter of which the admission is requested shall be deemed admitted pursuant to the Rules of Court. If any matter for which the admission is requested is denied, in whole or in part, set forth specifically the basis of your denial and your failure to admit.

PLEASE TAKE FURTHER NOTICE that in the event that Plaintiff fails to admit the truth of the matters herein requested and is put to the burden of proving the truth of said matters, Plaintiff John H. Landino will move for reasonable expenses incurred in making such proofs, including reasonable attorneys' fees.

### ***REQUESTS FOR ADMISSIONS***

1. Defendant admits that Lauren Windsor, American Family Voices (AFV) and Democracy
   Partners (DP) are considered as highly revered in the Democrat political and government
   circles.

2. Defendant admits that AFV and DP are national powerhouse lobbying entities in Washington, DC with clients that include a "who's who" of labor and trade unions, corporations, NGO's, non-profits, think tanks, and numerous State Democratic Parties including the New Jersey Democratic Party.

3. Defendant admits that in June of 2018, Lauren Windsor, American Family Voices, and Democracy Partners published a webpage about the plaintiff through a cosponsored entity call Project Veritas Exposed: https://www.projectveritas.exposed/john-landino.

4. Defendant admits that the webpage states plaintiff was pardoned for an Unclassified Felony in 2016, plaintiff did not work at PV past 2014, plaintiff is CEO of Phantom Entertainment, plaintiff is Owner of DeathRow Velo (DRV), and referenced a knowingly false and libelous article from Gawker – stating I was a deadbeat dad and tax scofflaw.

5. Defendant admits that the Massachussetts Teachers Association (MTA) boasts of 110,000 members and close to 400 local associations throughout Massachusetts and with the National Education Association (NEA) who's "three-way membership means you have a voice in determining priorities and direction in your school district, in Boston and in Washington".

6. Defendant admits that the MTA is an affiliate of the NEA, totaling over 3 million members.

7. Defendant admits the MTA and NEA are also affiliated and partially merged with the American Federation of Teachers (AFT), another union with approximately 1,700,000 members.

8. Defendant admits the MTA/NEA/AFT members and affiliates across the county are approximately 4,100,000 in total.

9. Defendant admits that the NEA & MTA are affiliated with:

   o   Alabama Education Association

- NEA-Alaska

- Arizona Education Association

- Arkansas Education Association

- California Teachers Association

- Colorado Education Association

- Connecticut Education Association

- Delaware State Education Association

- AFT Washington D.C. Teachers Union

- Federal Education Association

- Florida Education Association

- Georgia Association of Educators

- Hawaii State Teachers Association

- Idaho Education Association

- Illinois Education Association

- Indiana State Teachers Association

- Iowa State Education Association

- Kansas National Education Association

- Kentucky Education Association

- Louisiana Association of Educators

- Maine Education Association

- Maryland State Education Association

- Michigan Education Association

- Education Minnesota

- o   Mississippi Association of Educators

- o   Missouri NEA

- o   Montana Federation of Public Employees

- o   Nebraska State Education Association

- o   Nevada State Education Association

- o   NEA New Hampshire

- o   New Jersey Education Association

- o   NEA-New Mexico

- o   New York State United Teachers

- o   North Carolina Association of Educators

- o   North Dakota United

- o   Ohio Education Association

- o   Oklahoma Education Association

- o   Oregon Education Association

- o   Pennsylvania State Education Association

- o   NEA Rhode Island

- o   South Carolina Education Association

- o   South Dakota Education Association

- o   Tennessee Education Association

- o   Texas State Teachers Association

- o   Utah Education Association

- o   Vermont-NEA

- o   Virginia Education Association

- o   Washington Education Association

- o   West Virginia Education Association

- o   Wisconsin Education Association Council

- o   Wyoming Education Association

- o   American Federation of Teachers

10. Defendant admits that all NEA/MTA affiliates each send delegates to the NEA Representative Assembly (RA) national meeting every year in July.

11. Defendant admits the NEA RA is the primary legislative and policy making body of the NEA that derives its power from and is responsible to the membership, various committees, constituencies, caucuses, leadership groups, and delegates from state and local affiliates gather to set policy and chart the direction of NEA business.

12. Defendant admits that the total number of affiliate delegates sent to the NEA RA is usually around 8,000 union members.

13. Defendant admits that the NEA RA is the highest decision-making body within the over 3 million-member NEA.

14. Defendant admits that the NEA RA is the worlds largest democratic deliberative body.

15. Defendant admits that NEA RA delegates represent NEA local and state affiliates, student members, retired members, and other segments of the NEA membership.

16. Defendant admits the NEA delates determine NEA's strategic plan and budget, legislative programs, and resolutions.

17. Defendant admits that NEA RA delegates vote on proposed amendments to the NEA constitution and bylaws and elect NEA's executive officers, Executive Committee members, and at-large members of the NEA Board of Directors.

18. Defendant admits that the 2019 NEA RA was held in Houston, TX from July 2nd through July 7th.

19. Defendant admits to sending delegates to the 2019 NEA RA.

20. Defendant admits that the New Jersey Education Association (NJEA) sent delegates to the 2019 NEA RA.

21. Defendant admits that the MTA & NJEA historically always send delegates to the NEA RA.

22. Defendant admits that Jessica A. Hiemenz-Woodbury, CMP, Conference Services Administrator for the MTA manages the NEA RA communications and planning.

23. Defendant admits that all NEA/MTA affiliates attending the NEA RA have "conference coordinators" to assist every teacher union in the USA attend this massive Representative Assembly.

24. Defendant admits that the NEA RA is the largest and most important teachers convention in the USA.

25. Defendant admits that the MTA, NEA and all other affiliate teachers' unions both singularly and as a collective Enterprise of unions, have "expressly aimed" their political fund raising, lobbying, advocacy of progressive liberal Democrat causes and sometimes the vilification of those with conservative political views.

26. Defendant admits that not one MTA/NEA affiliate teachers union supports the Republican Party – they all universally are agents of the Democratic Party.

27. Defendant admits that the 2019 NEA RA hosted, "For two hours, ten presidential hopefuls - former Vice President Joe Biden, former HUD Secretary Julián Castro, New York City Mayor Bill de Blasio, Sen. Kamala Harris, Gov. Jay Inslee, Sen. Amy Klobuchar, Rep. Tim

Ryan, former Rep. Beto O'Rourke, Sen. Bernie Sanders, and Sen. Elizabeth Warren - made

their case to the delegates (and viewers nationwide who watched the forum via livestream)."

28. Defendant admits that not one Republican presidential "hopeful" was invited to speak or

participate in the 2019 NEA RA.

29. Defendant admits that "Political action isn't subversive," Eskelsen García said. "It's the

essence of democracy. ... We will use our collective power to listen and learn and teach and

reach and engage and organize and convince." was stated at the 2019 NEA RA.

30. Defendant admits that unsubstantiated rumors of PV "infiltrating" the 2019 NEA RA were

made publicly, and mass distributed to all NEA affiliates by the NEA.

31. Defendant admits that the rumors of PV attending the 2019 NEA RA never were proven to

be true.

32. Defendant admits that Lauren Windsor is a well known activist and Partner of both

Democracy Partners (DP) and American Family Voices (AFV).

33. Defendant admits that Lauren Windsor's work as a principle with DP and AFV spawned

them sponsoring Project Veritas Exposed (PVE).

34. Defendant admits that PV has produced many news stories about numerous MTA/NEA

affiliate teachers unions.

35. Defendant admits that numerous MTA/NEA affiliate teachers unions and DP and Lauren

Windsor have been or currently are in Civil actions in US District and State courts.

36. Defendant admits that PVE, Lauren Windsor, DP and AFV work reporting on PV is used by

all Democratic entities, not just teacher unions.

37. Defendant admits to receiving the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book) from the National Education Association on June 19, 2019 via email by Ellen Bradley, Manager, Conference & Travel Services & Kimberly Dominguez

38. Defendant admits that On June 20, 2019, Ms. Mary Gilgallon, Director of Governance and Administration for the MTA forwarded the NEA email with the libelous 15-page PV Dossier to Ms. Sarah Nathan, Webmaster for the MTA, Ms. Jessica Parlon, Coordinator, Training and Professional Learning (Ms. Parlon left the MTA after my civil action commenced against the MTA) and cc'ing Ms. Honlingsworth with the text "Sarah, Can you add the attached PDF to this page. Make link on page: Project Veritas Look Book (15 page PV Dossier) https://massteacher.org/events-and-confrences-/nea-ra/tips-for-protecting-yourself".

39. Defendant admits Ms. Honlingsworth left the MTA after this civil action commenced against the MTA.

40. Defendant admits Ms. Parlon left the MTA after this civil action commenced against the MTA.

41. Defendant admits to the first mass-publishing the PV Dossier to the first URL on June 20, 2019: https://massteacher.org/events-and-conferences/nea-ra/tips-for-protecting-yourself

42. Defendant admits on June 21, 2019 the MTA published a second URL on their website of the libelous 15-page dossier about PV: https://massteachers.org/-/media/massteacher/files/conferences/nea-ra/project-veritas.pdf?la=en

43. Defendant admits to knowledge that the PV Dossier was distributed to every NEA affiliate that sent delegates to the 2019 NEA RA (see #10).

44. Defendant admits to knowledge that the PV Dossier was sent into New Jersey – NJEA.

45. Defendant admits that based on voluntary early discovery by the plaintiff, the plaintiff owed no back taxes as of 2017.

46. Defendant admits that based on voluntary early discovery by the plaintiff, the did not owe and child support from April 2014 onward.

47. Defendant admits that based on voluntary early discovery by the plaintiff, that plaintiff had full custody of his two daughters in 2017.

48. Defendant admits to knowledge that the Gawker article about the plaintiff was not factual and untrue prior to June 19, 2019.

49. Defendant admits that sharing the untrue Gawker article caused plaintiff, his family and businesses grave and permanent harm: https://gawker.com/james-okeefe-employes-a-convicted-felon-1538633934.

50. Defendant admits that plaintiff was not employed, nor the PV COO on June 19, 2019.

51. Defendant admits that the plaintiff was not a convicted felon on June 19, 2019.

52. Defendant admits that the plaintiff did not owe and child support on June 19, 2019.

53. Defendant admits that the plaintiff did not owe any back taxes of any kind on June 19, 2019.

54. Defendant admits that the NEA shared the 15-page PV Dossier with every teachers union in the country.

55. Defendant admits that plaintiff was not "using disguises and misrepresenting" himself on June 19, 2019.

56. Defendant admits that plaintiff was not "involved in right-wing undercover operations and organizations" on June 19, 2019.

57. Defendant admits that the NEA, MTA, DP, AFV and Ms. Lauren Windsor all knew on or before June 26, 2018 that I was not a convicted felon but in an act of extreme malice and

retaliation they collectively conspired to linked my name to the erroneous Gawker article which was still live on the internet for the public to see.

58. Defendant admits that in April of 2020 the Gawker article was removed from the internet due to its defamatory and untrue content.

59. Defendant admits that plaintiff's children attended Northfield Mount Hermon and Deerfield Academy in Massachusetts from 2017 through 2020.

60. Defendant admits on July 17, 2020 in Bergen County Superior Court hearing of Landino v. MTA, DP, AFV & Does that defendant's attorney admitted under oath as an officer of the courts that the MTA "had on its website a document [15-page PV Dossier] created by an entity called Project Veritas Exposed."

61. Defendant admits the 15-page PV Dossier was authored by Lauren Windsor a simultaneous principle of DP and AFV.

62. Defendant admits on July 17, 2020 in Bergen County Superior Court hearing of Landino v. MTA, DP, AFV & Does that defendant attorney for Chubb Insurance admitted under oath as an officer of the courts perjurious statement below from the NJ hearing transcript, additional evidence of Fraud and Civil Conspiracy:

> *Page 4*
>
> *Jersey. Whether it was directed at New Jersey by*
>
> *another party, or sent out to other people by another*
>
> *party, we do not know,*
>
> *Page 5*
>
> *12 anymore, and while Mr. Landino says he felt the effects*
>
> *13 here in New Jersey, as well as in Massachusetts, no*

*conduct was directed here [NJ]*

63. Defendant admits to providing the June 19, 2012 NEA email of the 15-page PV Dossier to Chubb Insurance attorneys.

64. Defendant admits that attorney officers making knowingly false statements to the tribunal/courts is a violations of RPC, Federal and Local Civil Rules of Procedure, State and Federal Perjury Laws.

65. Defendant admits to conspiring with Chubb Insurance to defraud the plaintiff of his Civil and Constitutional Rights.

66. Defendant admits that all MTA staff attorneys are equally responsible for the Fraud Upon the Court – the Dossier was distributed to every state teachers union and more importantly into New Jersey.

67. Defendant admits that Mr. Leach's Affidavit to the court was also perjurious – "MTA simply placed the Dossier on its website, which is generally accessible to its membership and the Public."

68. Defendant admits to being involved in a widespread conspiracy to spread the 15-page PV Dossier to every teachers union in the country and then cover the offense up by lying to the courts.

69. Defendant admits that Chubb Insurance participated in the Fraud Upon the Court to evade their financial responsibility to the plaintiff.

70. Defendant admits that "people involved in right-wing undercover operations and organization" do not qualify for United States Civil and Constitutional Rights.

71. Defendant admits that covering up the true nature of the unlawful offenses against the plaintiff was a violation of plaintiff's rights.

72. Defendant admits that there is a civil conspiracy between the NEA, MTA, Chubb Insurance and 51 other teachers unions to share the libelous 15-page PV Dossier.

73. Defendant admits the harm done to plaintiff, his family and businesses by spreading the libelous 15-page PV Dossier is irreparable and permanent.

74. Defendant admits to ordering the transcript of the December 18, 2020 Landino v MTA, DP, AFV and Does which also shows blatant Fraud Upon the Court and Perjury by DP, AFV and Lauren Windsor stating they did not author or distribute the 15-page PV Dossier.

75. Defendant admits that is it OK for attorneys to lie to the court if the other party is "people involved in right-wing undercover operations and organization".

76. Defendant admits that the defamation of the plaintiff in the 15-page dossier is still active in every state in our country.

July 21, 2021                              By:   /s/ John H. Landino
                                               John H. Landino, Pro se