UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN H. LANDINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 1:20-cv-11392-DJC |
| | ) | |
| MASSACHUSETTS TEACHERS | ) | |
| ASSOCIATION, JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT MASSACHUSETTS TEACHERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Massachusetts Teachers Association ("MTA") hereby objects and responds to Plaintiff John H. Landino's First Set of Requests for Admission as follows.

## GENERAL OBJECTIONS

MTA objects to Plaintiff's Requests on the basis that they impose obligations beyond those required by the Federal Rules of Civil Procedure. In particular, Rule 36 does not require a party to "set forth specifically the basis" of a denial of a request for admission. MTA further objects to the Requests on the basis that the number of specific requests served (76) is harassing, oppressive, unduly burdensome, and not proportional to the needs of this case.

## RESPONSES AND SPECIFIC OBJECTIONS

## REQUEST NO. 1

Defendant admits that Lauren Windsor, American Family Voices (AFV) and Democracy Partners (DP) are highly revered in the Democrat political and government circles.

**RESPONSE NO. 1**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 2**

Defendant admits that AFV and DP are national powerhouse lobbying entities in Washington, DC with clients that include a "who's who" of labor and trade unions, corporations, NGO's, non-profits, think tanks, and numerous State Democratic Parties including the New Jersey Democratic Party.

**RESPONSE NO. 2**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 3**

Defendant admits that in June of 2018, Lauren Windsor, American Family Voices, and Democracy Partners published a webpage about the plaintiff through a cosponsored entity call Project Veritas Exposed: https://www.projectveritas.exposed/john-landino.

**RESPONSE NO. 3**

MTA admits that a webpage about plaintiff was published at https://www.projectveritas.exposed/john-landino, but lacks sufficient knowledge and information to truthfully admit or deny the remainder of this request despite having made reasonable inquiry.

**REQUEST NO. 4**

Defendant admits that the webpage states plaintiff was pardoned for an Unclassified Felony in 2016, plaintiff did not work at PV past 2014, plaintiff is CEO of Phantom Entertainment, plaintiff is Owner of DeathRow Velo (DRV), and referenced a knowingly false and libelous article from Gawker – stating I was a deadbeat dad and tax scofflaw.

**RESPONSE NO. 4**

MTA admits that the webpage identifies plaintiff as "CEO, Phantom Entertainment," "Owner, DeathRow Velo," and "Chief Operating Officer, Project Veritas 2013-2014."  MTA denies the remainder of this request.

**REQUEST NO. 5**

Defendant admits that the Massachusetts Teachers Association (MTA) boasts of 110,000 members and close to 400 local associations throughout Massachusetts and within the National Education Association (NEA) who's "three-way membership means you have a voice in determining priorities and direction in your school district, in Boston and in Washington".

**RESPONSE NO. 5**

Admit.

**REQUEST NO. 6**

Defendant admits that MTA is an affiliate of the NEA, totaling over 3 million members.

**RESPONSE NO. 6**

Admit.

**REQUEST NO. 7**

Defendant admits that the MTA and NEA are also affiliated and partially merged with the American Federal of Teachers (AFT), another union with approximately 1,700,000 members.

**RESPONSE NO. 7**

Deny.

**REQUEST NO. 8**

Defendant admits the MTA/NET/AFT members and affiliates across the country are approximately 4,100,000 in total.

**RESPONSE NO. 8**

Deny.

**REQUEST NO. 9**

Defendant admits that the NEA & MTA are affiliated with:

- o   Alabama Education Association

- o   NEA-Alaska

- o   Arizona Education Association

- o   Arkansas Education Association

- o   California Teachers Association

- o   Colorado Education Association

- o   Connecticut Education Association

- o   Delaware State Education Association

- o   AFT Washington D.C. Teachers Union

- o   Federal Education Association

- o   Florida Education Association

- o   Georgia Association of Educators

- o   Hawaii State Teachers Association

- o   Idaho Education Association

- o Illinois Education Association

- o Indiana State Teachers Association

- o Iowa State Education Association

- o Kansas National Education Association

- o Kentucky Education Association

- o Louisiana Association of Educators

- o Maine Education Association

- o Maryland State Education Association

- o Michigan Education Association

- o Education Minnesota

- o Mississippi Association of Educators

- o Missouri NEA

- o Montana Federal of Public Employees

- o Nebraska State Education Association

- o Nevada State Education Association

- o NEA New Hampshire

- o New Jersey Education Association

- o NEA-New Mexico

- o New York State United Teachers

- o North Carolina Association of Educators

- o North Dakota United

- o Ohio Education Association

- o Oklahoma Education Association

- o   Oregon Education Association

- o   Pennsylvania State Education Association

- o   NEA Rhode Island

- o   South Carolina Education Association

- o   Tennessee Education Association

- o   Texas State Teachers Association

- o   Utah Education Association

- o   Vermont-NEA

- o   Virginia Education Association

- o   Washington Education Association

- o   West Virginia Education Association

- o   Wisconsin Education Association Council

- o   Wyoming Education Association

- o   American Federal of Teachers

**RESPONSE NO. 9**

Denied as to MTA and MTA lacks sufficient knowledge and information to truthfully admit or deny the remainder of this request despite having made reasonable inquiry.

**REQUEST NO. 10**

Defendant admits that all NEA/MTA affiliates each send delegates to the NEA Representative Assembly (RA) national meeting every year in July.

**RESPONSE NO. 10**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 11**

Defendant admits that the NEA RA is the primary legislative and policy making body of the NEA that derives its power from and is responsible to the membership, various committees, constituencies, caucuses, leadership groups, and delegates from state and local affiliates gather to set policy and chart the direction of NEA business.

**RESPONSE NO. 11**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case. Subject to this objection, admit.

**REQUEST NO. 12**

Defendant admits that the total number of affiliate delegates sent to the NEA RA is usually around 8,000 union members.

**RESPONSE NO. 12**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case. Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 13**

Defendant admits that the NEA RA is the highest decision-making body within the over 3 million-member NEA.

**RESPONSE NO. 13**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case. Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 14**

Defendant admits that the NEA RA is the worlds largest democratic deliberative body.

**RESPONSE NO. 14**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 15**

Defendant admits that NEA RA delegates represent NEA local and state affiliates, student members, retired members, and other segments of the NEA membership.

**RESPONSE NO. 15**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, admit.

**REQUEST NO. 16**

Defendant admits the NEA delates [sic] determine NEA's strategic plan and budget, legislative programs, and resolutions.

**RESPONSE NO. 16**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, admit.

**REQUEST NO. 17**

Defendant admits that NEA RA delegates vote on proposed amendments to the NEA constitution and bylaws and elect NEA's executive officers, Executive Committee members, and at-large members of the NEA Board of Directors.

**RESPONSE NO. 17**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, admit.

**REQUEST NO. 18**

Defendant admits that the 2019 NEA RA was held in Houston, TX from July 2nd through July 7th.

**RESPONSE NO. 18**

Admit, except that the 2019 NEA RA was held from July 3 through 7.

**REQUEST NO. 19**

Defendant admits to sending delegate to the 2019 NEA RA.

**RESPONSE NO. 19**

Admit.

**REQUEST NO. 20**

Defendant admits that the New Jersey Education Association (NJEA) sent delegates to the 2019 NEA RA.

**RESPONSE NO. 20**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 21**

Defendant admits that the MTA & NJEA historically always send delegates to the NEA RA.

**RESPONSE NO. 21**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 22**

Defendant admits that Jessica A. Hiemenz-Woodbury, CMP, Conference Services Administrator for the MTA manages the NEA RA communications and planning.

**RESPONSE NO. 22**

Admit that Ms. Hiemenz-Woodbury managed NEA RA communications and planning for MTA.

**REQUEST NO. 23**

Defendant admits that all NEA-MTA affiliates attending the NEA RA have "conference coordinators" to assist every teacher union in the USA attend this massive Representative Assembly.

**RESPONSE NO. 23**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA admits that it has a conference coordinator to assist with NEA RA attendance, but lacks knowledge and information to determine whether every other state NEA affiliate has a conference coordinator despite reasonable inquiry.

**REQUEST NO. 24**

Defendant admits that the NEA RA is the largest and most important teachers convention in the USA.

**RESPONSE NO. 24**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA admits that the NEA RA is the largest teachers convention in the USA.  MTA lacks sufficient knowledge and information to truthfully admit or deny the remainder of this request despite having made reasonable inquiry.

**REQUEST NO. 25**

Defendant admits that the MTA, NEA and all other affiliate teachers' unions both singularly and as a collective Enterprise of unions, have "expressly aimed" their political fundraising, lobbying, advocacy of progressive liberal Democrat causes and sometimes the vilification of those with conservative political views.

**RESPONSE NO. 25**

Deny.

**REQUEST NO. 26**

Defendant admits that not one MTA/NEA affiliate teachers union supports the Republican Party – they all universally are agents of the Democratic Party.

**RESPONSE NO. 26**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, deny that MTA or other NEA affiliate teachers unions are "agents" of the Democratic Party.

**REQUEST NO. 27**

Defendant admits that the 2019 NEA RA hosted, "For two hours, ten presidential hopefuls - former Vice President Joe Biden, former HUD Secretary Julián Castro, New York City Mayor Bill de Blasio, Sen. Kamala Harris, Gov. Jay Inslee, Sen. Amy Klobuchar, Rep. Tim Ryan, former

Rep. Beto O'Rourke, Sen. Bernie Sanders, and Sen. Elizabeth Warren - made their case to the

delegates (and viewers nationwide who watched from the forum livestream)."

**RESPONSE NO. 27**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in

this case.  Subject to this objection, admit based on publicly available information.

**REQUEST NO. 28**

Defendant admits that not one Republican presidential "hopeful" was invited to speak or

participate in the 2019 NEA RA.

**RESPONSE NO. 28**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in

this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully

admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 29**

Defendant admits that "Political action isn't subversive," Eskelen García said.  "It's the

essence of democracy. . . .  We will use our collective power to listen and learn and teach and reach

and engage and organize and convince." was stated at the 2019 NEA RA.

**RESPONSE NO. 29**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in

this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully

admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 30**

Defendant admits that unsubstantiated rumors of PV "infiltrating" the 2019 NEA RA were

made publicly, and mass distributed to all NEA affiliates by the NEA.

**RESPONSE NO. 30**

MTA admits only that NEA notified MTA of efforts by Project Veritas to infiltrate the 2019 NEA RA.  MTA denies that it was notified of "unsubstantiated rumors." MTA lacks sufficient knowledge and information to truthfully admit or deny the remainder of this request despite having made reasonable inquiry.

**REQUEST NO. 31**

Defendant admits that rumors of PV attending the 2019 NEA RA were never proven to be true.

**RESPONSE NO. 31**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 32**

Defendant admits that Lauren Windsor is a well known activist and Partner of both Democracy Partners (DP) and American Family Voices (AFV).

**RESPONSE NO. 32**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 33**

Defendant admits that Lauren Windsor's work as a principle with DP and AFV spawned them sponsoring Project Veritas Exposed (PVE).

**RESPONSE NO. 33**

     MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 34**

     Defendant admits that PV has produced many news stories about numerous MTA/NEA affiliate teachers unions.

**RESPONSE NO. 34**

     MTA admits that Project Veritas has published news stories about NEA affiliate unions.

**REQUEST NO. 35**

     Defendant admits that numerous MTA/NEA affiliate teachers unions and DP and Lauren Windsor have been or currently are in Civil actions in US District and State courts.

**RESPONSE NO. 35**

     MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny the remainder of this request despite having made reasonable inquiry.

**REQUEST NO. 36**

     Defendant admits that PVE, Lauren Windsor, DP and AFV work reporting on PV is used by all Democratic entities, not just teacher unions.

**RESPONSE NO. 36**

     MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 37**

Defendant admits to receiving the 15-page Project Veritas (PV) Dossier (the Dossier or Look Book) from the National Education Association on June 19, 2019 via email by Ellen Bradley, Manager, Conference & Travel Services & Kimberly Dominguez.

**RESPONSE NO. 37**

Admit.

**REQUEST NO. 38**

Defendant admits that On June 20, 2019, Ms. Mary Gilgallon, Director of Governance and Administration for the MTA forwarded the NEA email with the libelous 15-page PV Dossier to Ms. Sarah Nathan, Webmaster for the MTA, Ms. Jessica Parlon, Coordinator, Training and Professional Learning (Ms. Parlon left the MTA after my civil action commenced against the MTA) and cc'ing Ms. Honlingsworth [*sic*] with the text, "Sarah, Can you add the attached PDF to this page.   Make link on page: Project Veritas Look Book (15 page PV Dossier) https://massteacher.org/events-and-confrences-/nea-ra/tips-for-protecting-yourself".

**RESPONSE NO. 38**

MTA objects to this request to the extent it refers to a document which speaks for itself. Subject to this objection, MTA denies the characterization of the PV Dossier as "libelous," but otherwise admits this request.

**REQUEST NO. 39**

Defendant admits Ms. Honlingsworth [*sic*] left the MTA after this civil action commenced against the MTA.

**RESPONSE NO. 39**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, admit.

**REQUEST NO. 40**

Defendant admits Ms. Parlon left the MTA after this civil action commenced against the MTA.

**RESPONSE NO. 40**

MTA objects to this request on the basis that it is irrelevant to the claims and defenses in this case.  Subject to this objection, admit.

**REQUEST NO. 41**

Defendant admits to the first mass-publishing the PV Dossier to the first URL on June 20, 2019: https://massteacher.org/events-and-conferences/nea-ra/tips-for-protecting-yourself

**RESPONSE NO. 41**

Defendant admits that the PV Dossier was posted on its website on or about June 20, 2019.

**REQUEST NO. 42**

Defendant admits on June 21, 2019 the MTA published a second URL on their website of the libelous 15-page dossier about PV: https://massteachers.org/-/media/massteacher/files/conferences/nea-ra/project-veritas.pdf?la=en

**RESPONSE NO. 42**

MTA denies the characterization of the PV Dossier as "libelous," and admits only that the PV Dossier was posted on its website on or about June 20, 2019.  MTA denies the remainder of the request.

**REQUEST NO. 43**

Defendant admits to knowledge that the PV Dossier was distributed to every NEA affiliate that sent delegates to the 2019 NEA RA (see #10).

**RESPONSE NO. 43**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 44**

Defendant admits to knowledge that the PV Dossier was sent into New Jersey – NJEA.

**RESPONSE NO. 44**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 45**

Defendant admits that based on voluntary early discovery by the plaintiff, the plaintiff owed no back taxes as of 2017.

**RESPONSE NO. 45**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 46**

Defendant admits that based on voluntary early discovery by the plaintiff, the did not owe and [*sic*] child support from April 2014 onward.

**RESPONSE NO. 46**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 47**

Defendant admits that based on voluntary early discovery by the plaintiff, that plaintiff had full custody of his two daughters in 2017.

**RESPONSE NO. 47**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 48**

Defendant admits to knowledge that the Gawker article about the plaintiff was not factual and untrue prior to June 19, 2019.

**RESPONSE NO. 48**

Deny.

**REQUEST NO. 49**

Defendant admits that sharing the untrue Gawker article caused plaintiff, his family and businesses grave and permanent harm: https://gawker.com/james-okeefe-employes-aconvicted-felon-1538633934.

**RESPONSE NO. 49**

Deny.

**REQUEST NO. 50**

Defendant admits that plaintiff was not employed, nor the PV COO on June 19, 2019.

**RESPONSE NO. 50**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 51**

Defendant admits that the plaintiff was not a convicted felon on June 19, 2019.

**RESPONSE NO. 51**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 52**

Defendant admits that the plaintiff did not owe and [*sic*] child support on June 19, 2019.

**RESPONSE NO. 52**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 53**

Defendant admits that the plaintiff did not owe any back taxes of any kind on June 19, 2019.

**RESPONSE NO. 53**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 54**

Defendant admits that the NEA shared the 15-page PV Dossier with every teachers union in the country.

**RESPONSE NO. 54**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request despite having made reasonable inquiry.

**REQUEST NO. 55**

Defendant admits that plaintiff was not "using disguises and misrepresenting" himself on June 19, 2019.

**RESPONSE NO. 55**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 56**

Defendant admits that plaintiff was not "involved in right-wing undercover operations and organizations" on June 19, 2019.

**RESPONSE NO. 56**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 57**

Defendant admits that the NEA, MTA, DP, AFV and Ms. Lauren Windsor all knew on or before June 26, 2018 that I was not a convicted felon but in an act of extreme malice and retaliation they collectively conspired to linked [*sic*] my name to the erroneous Gawker article which was still live on the internet for the public to see.

**RESPONSE NO. 57**

Deny.

**REQUEST NO. 58**

Defendant admits that in April of 2020 the Gawker article was removed from the internet due to its defamatory and untrue content.

**RESPONSE NO. 58**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 59**

Defendant admits that plaintiff's children attended Northfield Mount Hermon and Deerfield Academy in Massachusetts from 2017 through 2020.

**RESPONSE NO. 59**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 60**

Defendant admits on July 17, 2020 in Bergen County Superior Court hearing of Landino v. MTA, DP, AFV & Does that defendant's attorney admitted under oath as an officer of the courts that the MTA "had on its website a document [15-page PV Dossier] created by an entity called Project Veritas Exposed."

**RESPONSE NO. 60**

Admit.

**REQUEST NO. 61**

Defendant admits the 15-page PV Dossier was authored by Lauren Windsor a simultaneous principle of DP and AFV.

**RESPONSE NO. 61**

MTA lacks sufficient knowledge and information to truthfully admit or deny this request.

**REQUEST NO. 62**

Defendant admits on July 17, 2020 in Bergen County Superior Court hearing of Landino v. MTA, DP, AFV & Does that defendant attorney for Chubb Insurance admitted under oath as an officer of the courts perjurious statement below from the NJ hearing transcript, additional evidence of Fraud and Civil Conspiracy:

Page 4 Jersey. Whether it was directed at New Jersey by another party, or sent out to other people by another party, we do not know,

Page 5 12 anymore, and while Mr. Landino says he felt the effects 13 here in New Jersey, as well as in Massachusetts, no conduct was directed here [NJ]

**RESPONSE NO. 62**

MTA admits that its attorney made the referenced statements at the July 17, 2020 hearing, but denies the characterization of them as "perjurious" or as "additional evidence of Fraud and Civil Conspiracy."

**REQUEST NO. 63**

Defendant admits to providing the June 19, 2012 [*sic*] NEA email of the 15-page PV Dossier to Chubb Insurance attorneys.

**RESPONSE NO. 63**

Deny.

**REQUEST NO. 64**

Defendant admits that attorney officers making knowingly false statements to the tribunal/courts is a violations of RPC, Federal and Local Civil Rules of Procedure, State and Federal Perjury Laws.

**RESPONSE NO. 64**

MTA admits that making knowingly false statements to the courts is a violation of law, but denies that it has done so.

**REQUEST NO. 65**

Defendant admits to conspiring with Chubb Insurance to defraud the plaintiff of his Civil and Constitutional Rights.

**RESPONSE NO. 65**

Deny.

**REQUEST NO. 66**

Defendant admits that all MTA staff attorneys are equally responsible for the Fraud Upon the Court – the Dossier was distributed to every state teachers union and more importantly into New Jersey.

**RESPONSE NO. 66**

Deny.

**REQUEST NO. 67**

Defendant admits that Mr. Leach's Affidavit to the court was also perjurious – "MTA simply placed the Dossier on its website, which is generally accessible to its membership and the Public."

**RESPONSE NO. 67**

Deny.

**REQUEST NO. 68**

Defendant admits to being involved in a widespread conspiracy to spread the 15-page PV Dossier to every teachers union in the country and then cover the offense up by lying to the courts.

**RESPONSE NO. 68**

Deny.

**REQUEST NO. 69**

Defendant admits that Chubb Insurance participated in the Fraud Upon the Court to evade their financial responsibility to the plaintiff.

**RESPONSE NO. 69**

Deny.

**REQUEST NO. 70**

Defendant admits that "people involved in right-wing undercover operations and organization" do not qualify for United States Civil and Constitutional Rights.

**RESPONSE NO. 70**

Deny.

**REQUEST NO. 71**

Defendant admits that covering up the true nature of the unlawful offenses against the plaintiff was a violation of plaintiff's rights.

**RESPONSE NO. 71**

MTA denies that it covered up any supposed "offenses" against Plaintiff or that any of his constitutional rights were denied.

**REQUEST NO. 72**

Defendant admits that there is a civil conspiracy between the NEA, MTA, Chubb Insurance and 51 other teachers unions to share the libelous 15-page PV Dossier.

**RESPONSE NO. 72**

Deny.

**REQUEST NO. 73**

Defendant admits the harm done to plaintiff, his family and businesses by spreading the libelous 15-page PV Dossier is irreparable and permanent.

**RESPONSE NO. 73**

Deny.

**REQUEST NO. 74**

Defendant admits to ordering the transcript of the December 18, 2020 Landino v MTA, DP, AFV and Does which also shows blatant Fraud Upon the Court and Perjury by DP, AFV and Lauren Windsor stating they did not author or distribute the 15-page PV Dossier.

**RESPONSE NO. 74**

MTA admits that the transcript of the December 18, 2020 hearing was ordered, but denies that it shows fraud upon the Court or perjury.

**REQUEST NO. 75**

Defendant admits that is it OK for attorneys to lie to the court if the other party is "people involved in right-wing undercover operations and organization".

**RESPONSE NO. 75**

Deny.

**REQUEST NO. 76**

Defendant admits that the defamation of the plaintiff in the 15-page dossier is still active in every state in our country.

**RESPONSE NO. 76**

Deny.

Respectfully Submitted,

**MASSACHUSETTS TEACHERS ASSOCIATION**

By its attorneys,


*/s/ Kenneth M. Bello*
Kenneth M. Bello (BBO# 036630)
Carolyn M. Crowley (BBO# 663616)
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, Massachusetts 02110
Tel: (617) 274-2900
kbello@barclaydamon.com
ccrowley@barclaydamon.com

Dated:    September 10, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth M. Bello, hereby certify that on September 10, 2021, I caused a copy of the foregoing *Defendant Massachusetts Teachers Association's Response to Plaintiff's First Set of Requests for Admission* to be delivered to Plaintiff by U.S. mail and email at the following address:

John H. Landino
124 Rumson Road
Rumson, NJ 07760
john.landino@gmail.com

*/s/ Kenneth M. Bello*
Kenneth M. Bello

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
JOHN H. LANDINO,                            )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )        Civil Action No. 1:20-cv-11392
                                            )
MASSACHUSETTS TEACHERS ASSOC.,              )
JANE DOES 1 – 10, et al.,                   )
                                            )
        Defendants.                         )
_____ )

## DEFENDANT MASSACHUSETTS TEACHERS ASSOCIATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 of the United States District Court of the District of Massachusetts, Massachusetts Teachers Association ("MTA" or "Defendant") hereby objects and responds to the Interrogatories ("Interrogatories") propounded by Plaintiff John H. Landino ("Plaintiff") as set forth below.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

In addition to MTA's specific objections and responses to the Interrogatories as set forth below, Harbor Freight makes the following objections and responses to the Interrogatories and the Definitions and Instructions thereto:

1.      MTA objects to the Interrogatories and definitions and instructions thereto to the extent that they purport to impose obligations or duties inconsistent with or beyond those required or permitted by the applicable rules, including the Federal Rules of Civil Procedure and/or the Local Rules of this Court or any order of this Court.  MTA further objects to the Interrogatories and the definitions and instructions thereto to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory or the scope of MTA's

obligations under the Rules of Civil Procedure, on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and overly burdensome.

2.      MTA objects to the Interrogatories to the extent that they call for the disclosure of information and/or production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, any joint defense or common interest privilege, rules governing privacy or confidentiality, laws governing disclosure of personal or other protected information of clients or others, and any other applicable privilege, prohibition, limitation, immunity or protection from discovery, or whose disclosure is prohibited by law, regulation or order.  Information covered by such privileges is not subject to disclosure, and the Interrogatories will not be construed to seek such information.  Such documents or information shall not be produced in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or any work product protection or any other privilege that may attach thereto.

3.      MTA objects to the Interrogatories to the extent that they seek confidential or proprietary business information or to the extent they seek personal, private and/or confidential information of others.   MTA will only produce confidential or proprietary documents or information pursuant to a Stipulated Protective Order.

4.      All of the MTA's responses are limited to Count I of Plaintiff's Amended Complaint, which is the sole surviving claim in this action.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1:**

State the name, address, telephone number, and relationship to the party upon whom these interrogatories were served of the person(s) answering these interrogatories and has the person who answered these interrogatories made such inquiry of all knowledgeable persons as to enable him or her to provide full and complete answers to these interrogatories?

**Response to Interrogatory No. 1:**

   **Objections:**

      MTA objects to this interrogatory to the extent that it seeks information that is not relevant

to any party's claims or defenses and is not proportional to the needs of the case.

   **Response:**

      Subject to and without waiving the foregoing objections, see the Verification below.

**Interrogatory No. 2:**

If the answer to the preceding interrogatory is in the affirmative, as to such persons, please state the following:

    (a) name;
    (b) address;
    (c) telephone number;
    (d) job title;
    (e) job description;
    (f) relationship to the plaintiff and defendant;
    (g) the present location of such person;
    (h) the number of the interrogatory that such person(s) assisted in answering.

**Response to Interrogatory No. 2:**

   **Objections:**

      MTA objects to this interrogatory as overly broad. MTA also objects to this interrogatory

to the extent that it seeks information that is not relevant to any party's claims or defenses.

3

**Interrogatory No. 3:**

Set forth with specificity each and every fact that the party answering these interrogatories intends to assert in support of its case in chief and, attach all related documents in support of each fact and identify same with the number of this interrogatory.

**Response to Interrogatory No. 3:**

    **Objections:**

        MTA objects to this interrogatory as vague and ambiguous to the extent it seeks "each and every fact… ." MTA also objects to this request on the grounds that it is unduly burdensome and to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from disclosure. MTA further objects to the extent discovery is ongoing.

    **Response:**

        Subject to and without waiving this specific objections, MTA responds as follows:

        The statements in the Dossier describing Project Veritas are true. Project Veritas is an organization that uses "undercover journalists" to obtain and publish content in order to disrupt organizations, including teachers' unions, that it considers to be ideological opponents.

        The Dossier did not specifically target Plaintiff, but instead included him on a lengthy list of individuals believed to be associated with Project Veritas, along with an express disclaimer stating that "some people who are not operatives may coincidentally have the same name, and some people may no longer be acting as or facilitating operatives."

        The only statement in the Dossier that concerns Plaintiff specifically is the title of "COO" under his photograph. Plaintiff admits that he was, in fact, formerly the COO of Project Veritas.

        MTA simply posted an internal MTA link to a dossier about Project Veritas that had been published by a third party and provided to MTA.

MTA made no representations as to the accuracy of the representations in the Dossier.

The MTA's reason for posting the Dossier had nothing to do with Plaintiff. MTA posted the Dossier because it considered it to be a potentially useful resource for making its members aware of the activities of Project Veritas so that they could avoid having their private meetings infiltrated and potentially be misrepresented in a Project Veritas report.

MTA did not intentionally provide the Dossier to anyone but its Massachusetts membership.

When Plaintiff contacted the MTA and complained about the Dossier identifying him being posted on its website, the MTA promptly removed that link.

The material the MTA posted was previously published by another party or parties.

MTA reserves the right to supplement this response.

**Interrogatory No. 4:**

Attach all documents which the Plaintiff claims are related to this lawsuit to these answers to interrogatories and identify said documents with the number of this interrogatory.

**Response to Interrogatory No. 4:**

**Objections:**

MTA objects to this interrogatory as vague, ambiguous and confusing. MTA also objects to the extent Plaintiff is propounding a document request in this interrogatory.

**Interrogatory No. 5:**

Did you or any person on your behalf take or receive any statements, either orally or in writing, from any person, including parties, who had any information or knowledge relating to the alleged occurrence which is the subject of this action?

**Response to Interrogatory No. 5:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is vague and ambiguous, including to the extent it seeks information from "any person … ."  MTA also objects to this request on the grounds that it is unduly burdensome and to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from disclosure.

**Response:**

Subject to and without waiving these specific objections, MTA responds as follows:

At this time, MTA does not have any such statements.

**Interrogatory No. 6:**

If your answer to the preceding interrogatory is in the affirmative, state as to each such person:

    (a) his or her name and address;
    (b) the date of any such statement;
    (c) the substance of any such statement;
    (d) whether such statement is in writing. If the statement is in writing, attach a copy of
        these answers to interrogatories.

**Response to Interrogatory No. 6:**

**Objections:**

MTA objects to this interrogatory as overly broad.

**Response:**

Subject to and without waiving this specific objection, MTA responds as follows:

See Response to Interrogatory No. 6 above.

**Interrogatory No. 7:**

List the names, addresses, job title, responsibilities and relationship to the party answering these interrogatories of any persons known to have knowledge of the facts surrounding this lawsuit. Describe with specificity the information known by such persons.

**Response to Interrogatory No. 7:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is vague, ambiguous and confusing. MTA also objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from disclosure.  MTA further objects to this interrogatory on the grounds that discovery is ongoing.

   **Response:**

   Subject to and without waiving these specific objections, MTA responds as follows:

   See Defendant's Initial Disclosures, Section A.

**Interrogatory No. 8:**

Has any correspondence, documents, memoranda, policies of insurance, contracts, reports, or writings of any kind which in any way pertain to the subject matter of this lawsuit been destroyed and/or misplaced?

**Response to Interrogatory No. 8:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is as vague and ambiguous as to the term "of any kind… ."  MTA also objects to this interrogatory as overly broad in time and scope. MTA further objects to the extent that this request is premature and there has been no suggestion of destruction or misplacement of relevant, responsive documents.

**Interrogatory No. 9:**

If your answer to the preceding interrogatory is in the affirmative, state:

> (a) a description of the destroyed or misplaced document;
> (b) the date of the destruction of the documents or the date when the documents were last seen;
> (c) the reason for the destruction of the documents;
> (d) the names, addresses, job title, job description and relationship to the person answering these interrogatories of all persons who had knowledge of such documents.

**Response to Interrogatory No. 9:**

**Objections:**

Please see Objections to Interrogatory No. 8.

**Interrogatory No. 10:**

List the names, addresses, telephone numbers, relationship to the party answering these interrogatories, employment, employment addresses and employment telephone numbers of all persons whom any agents, employees, officers or operators of the party propounding these interrogatories spoke with about the facts underlying this lawsuit.

> (a) specifically describe the contents of each conversation with each person;
> (b) state the location of each conversation;
> (c) list the names of all persons present at the time of each conversation;
> (d) attach all related documents to these answers to interrogatories and identify said documents with the number of this interrogatory.

**Response to Interrogatory No. 10:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is vague, ambiguous, and

confusing. MTA does not understand this interrogatory and thus is unable to respond.

**Interrogatory No. 11:**

Attach to these answers to interrogatories all documents which have any bearing upon the factual questions at issue in the present litigation and identify said documents with the number of this interrogatory, to the extent that there are other documents not produced in response to your answer to the interrogatories above.

**Response to Interrogatory No. 11:**

  **Objections:**

    MTA objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 4.

MTA also objects to this interrogatory on the grounds that it is vague, ambiguous and confusing.

MTA further objects to the extent Plaintiff is propounding a document request in this interrogatory.

**Interrogatory No. 12:**

Set forth the names, addresses and telephone numbers of each person who has knowledge of facts relevant to the within manner and as set forth in the Complaint and indicate for each such person listed:

    (a) the substance of what each person knows;
    (b) whether such individual has given any statement or account of the same, either oral or in writing, or his or her knowledge;
    (d) the substance of any such oral statement and alternatively attach a copy of every page, writing or memorandum of which said statement is composed;
    (e) the names and addresses of all persons present when said statement was taken or made.

**Response to Interrogatory No. 12:**

  **Objections:**

    MTA objects to this interrogatory to the extent it is duplicative of Interrogatory No. 7.

  **Response:**

    Subject to and without waiving this specific objection, MTA responds as follows: Please see Response to Interrogatory No. 7.

**Interrogatory No. 13:**

If the answer to the preceding interrogatory is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made. If the declaration against interest was reduced to a writing, attach a copy hereto and identify said documents with the number of this interrogatory.

**Response to Interrogatory No. 13:**

**Objections:**

MTA objects to this interrogatory as vague, ambiguous, confusing, overly broad, unduly burdensome and unclear in identifying the information requested.  MTA also objects to this interrogatory to the extent it assumes facts. MTA does not understand this interrogatory and thus is unable to respond.

**Interrogatory No. 14:**

State the names, addresses and specialties of any and all proposed expert witnesses, and state as to each expert:

(a) the subject matter on which the expert is expected to testify;
(b) the substance of facts and opinions to which the expert is expected to testify;
(c) a summary for the grounds for each opinion;
(d) in addition, attach hereto copies of all proposed expert reports, and if same are oral in nature, kindly comply with the above.

**Response to Interrogatory No. 14:**

**Objections:**

MTA objects to this interrogatory (including subparts (a) through (d)) to the extent that it seeks information subject to the work-product doctrine, attorney-client privilege, or any other applicable protection or privilege.  MTA also objects to this request on the grounds that it is overly broad.

**Response**

Subject to and without waiving the foregoing specific objections, MTA responds as follows:

MTA has not determined whom it will call to testify as an expert witness at trial. MTA will, at the appropriate time, disclose responsive, non-privileged information in accordance with,

and as required by, the applicable rules of civil procedure and pursuant to the scheduling order

entered in this case.

**Interrogatory No. 15:**

Has the person who answered these interrogatories reviewed any documents or any other thing in order to provide full and complete answers to these interrogatories other than those set forth above?

**Response to Interrogatory No. 15:**

   **Objections:**

      MTA objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, and/or any other applicable privilege or

protection from disclosure.  MTA also objects to this request on the grounds that it is vague,

ambiguous, confusing, and unclear in identifying the information requested.  MTA does not

understand this interrogatory and thus is unable to respond.

**Interrogatory No. 16:**

Has any correspondence, documents, memoranda, policies of insurance, contracts, reports, or writings of any kind which in any way pertain to the subject matter of this lawsuit been destroyed and/or misplaced? If your answer is in the affirmative, state:

    (a) a description of the destroyed or misplaced document;
    (b) the date of the destruction of the documents or the date when the documents were last seen;
    (c) the reason for the destruction of the documents;
    (d) the names, addresses, job title, job description and relationship to the person answering these interrogatories of all persons who had knowledge of such documents.

**Response to Interrogatory No. 16:**

   **Objections:**

      MTA objects to this interrogatory on the ground that it is duplicative of Request No. 8

above.

**Interrogatory No. 17:**

Set forth the Defendant's relationship with Democracy Partners and American Family Voices, as well as any documents between Defendant and these entities as related this case.

**Response to Interrogatory No. 17:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is vague, ambiguous, confusing and overly broad. MTA also objects to this interrogatory on the grounds that the word "relationship" is not defined and is vague, ambiguous and overly broad.

   **Response:**

   Subject to and without waiving the foregoing objections, MTA responds as follows:

   MTA has no formal relationship with Democracy Partners and American Family Voices.

**Interrogatory No. 18:**

Set forth the Defendant's relationship with Lauren Windsor, as well as any documents between Defendant and This individual as related this case.
   a. Please include all communications between Defendant and Lauren Windsor;
   b. Please include who had knowledge of any Affidavits Lauren Windsor in regards to all suits brought by Plaintiff against this Defendant or any other litigation that Plaintiff is currently involved in that she submitted an affidavit for; and
   c. Please include who reviewed, if anyone, any Affidavits Lauren Windsor signed in regards to all suits brought by Plaintiff against this Defendant or any other litigation that Plaintiff is currently involved in that she submitted an affidavit for

**Response to Interrogatory No. 18:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is vague, ambiguous, confusing and overly broad. MTA also objects to this interrogatory on the grounds that the word "relationship" is not defined and is vague, ambiguous and overly broad. MTA further objects to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. In addition, MTA objects to this

12

interrogatory on the ground that it is impermissibly compound in that it comprises more than one interrogatory and is at least four (4) separate interrogatories rolled into one (1) compound interrogatory.

   **Response:**

   Subject to and without waiving the foregoing objections, MTA responds as follows:

   MTA has no relationship with Lauren Windsor.

**Interrogatory No. 19:**

What was Wonder Hollingsworth's role at the MTA and why and when did she leave the MTA?

   a. Please include all documents regarding her departure or firing and
   b. Her last known addresses

**Response to Interrogatory No. 19:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is overly broad and to the extent that it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. MTA also objects to the extent that it seeks confidential information.

   **Response:**

   Subject to and without waiving the foregoing objections, MTA responds as follows:

   Ms. Hollingsworth's role at the MTA was Governance Assistant. She left the MTA on or about October 2019. The reason for her departure had nothing to do with this lawsuit.

**Interrogatory No. 20:**

What was Jessica Parlon's role at the MTA and why and when did she leave the MTA?

   a. Please include all documents regarding her departure or firing and
   b. Her last known addresses

**Response to Interrogatory No. 20:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is overly broad and seeks information not relevant to any party's claims or defenses and is not proportional to the needs of the case. MTA also objects to the extent that it seeks confidential information.

**Response:**

Subject to and without waiving the foregoing objections, MTA responds as follows: Ms. Parlon's role at the MTA was TPL Coordinator. She left the MTA on or about June 2020. The reason for her departure had nothing to do with this lawsuit.

**Interrogatory No. 21:**

Did Jessica Parlon share The Dossier with anyone? If so, who gave permission to share it?

**Response to Interrogatory No. 21:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad.

**Response:**

Subject to and without waiving the foregoing objection, MTA responds as follows:

At this time, MTA is not aware that Ms. Parlon shared the Dossier.

**Interrogatory No. 22:**

Please supply the name of all individuals known who authored or had any part in creating the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

**Response to Interrogatory No. 22:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is vague, ambiguous, and overly broad. MTA also objects to this request on the grounds that the phrase "had any part in creating" is vauge, ambiguous and overly broad. MTA further objects to this interrogatory to the extent it seeks information not relevant to any party's claims or defenses and is not proportional to the needs of the case.

**Response:**

Subject to and without waiving the foregoing objections, MTA responds as follows:

At this time, MTA does not know who authored or created the Dossier.

**Interrogatory No. 23:**

When did the MTA "publish" The Dossier on their website or any other forum or publication and who authorized such as a publication?

**Response to Interrogatory No. 23:**

**Objections:**

MTA objects to this interrogatory on the grounds that it is overly broad and objects to the use of the words "publish" and/or "publication" to the extent that they are not defined and to the extent that they imply a legal conclusion.

**Response:**

Subject to and without waiving the foregoing objections, MTA responds as follows:

The MTA posted a link on its internal site to the Dossier on June 20, 2019.

**Interrogatory No. 24:**

When did Chubb MTA attorney Timothy Malacrida receive The Dossier and NEA email distributing it?

**Response to Interrogatory No. 24:**

   **Objections:**

   MTA objects to this interrogatory on the grounds that it is overly broad and to the extent it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. MTA also objects to the extent that the interrogatory assumes facts not in evidence. MTA also objects to the phrase "distributing it" as undefined, vague and ambiguous. MTA further objects to this request on the grounds that it is unduly burdensome and to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from disclosure.

As to objections,
MASSACHUSETTS TEACHERS
ASSOCIATION,

By its attorneys,


*/s/ Kenneth M. Bello*
Kenneth M. Bello, BBO #036630
Carolyn M. Crowley, BBO #663616
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, MA 02110
(617) 274-2900
kbello@barclaydamon.com
ccrowley@barclaydamon.com

Dated: September 10, 2021

## **VERIFICATION**

My name is Jenni Shaw.  I am a Human Resources Division Director for Massachusetts Teachers Association ("MTA").  I have read the foregoing interrogatory responses, and I make this verification on behalf of MTA as there is no one person with knowledge on each of the interrogatories asserted.  On behalf of MTA, I depose and state under oath that the statements contained in the foregoing are true and correct to the best of my knowledge, information and belief. In making this verification, I have relied on information provided by others and on my review of relevant documents.

Sworn to under the penalties of perjury this 10th day of September, 2021.

Massachusetts Teachers Association

By: _____

Jenni Shaw
Human Resources Division Director

17

## <u>CERTIFICATE OF SERVICE</u>

I, Carolyn M. Crowley, hereby certify that on September 10, 2021, I caused a copy of the foregoing document to be served via **<u>electronic mail</u>** upon the following counsel of record:

John H. Landino, ***pro se***
124 Rumson Road
Rumson, NJ 07760
(201) 560 – 2500
john.landino@gmail.com

*/s/ Carolyn M. Crowley*　　　　　
Carolyn M. Crowley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JOHN H. LANDINO,                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )          Civil Action No. 1:20-cv-11392
                                        )
MASSACHUSETTS TEACHERS ASSOC.,          )
JANE DOES 1 – 10, et al.,               )
                                        )
        Defendants.                     )
_____ )

**DEFENDANT MASSACHUSETTS TEACHERS ASSOCIATION'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS**

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules of

the United States District Court of the District of Massachusetts, defendant Massachusetts

Teachers Association ("Defendant" or "MTA"), hereby objects and responds to the First Request

for Production of Documents ("Requests") propounded by Plaintiff John H. Landino ("Plaintiff"),

as set forth below.  The objections and responses of MTA are based on information known to it at

this time, and MTA explicitly reserves the right to supplement or amend its objections and

responses in accordance with the Federal Rules of Civil Procedure.

        **OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

        In addition to MTA's specific objections and responses to the Requests as set forth below,

MTA makes the following objections and responses to the Requests and the Definitions and

Instructions thereto:

        1.      MTA objects to the Requests and definitions and instructions thereto to the extent

that they purport to impose obligations or duties inconsistent with or beyond those required or

1

permitted by the applicable rules, including the Federal Rules of Civil Procedure and/or the Local Rules of this Court or any order of this Court. MTA further objects to the Requests and the definitions and instructions thereto to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific requestor the scope of MTA's obligations under the Rules of Civil Procedure, on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and overly burdensome.

2.      MTA objects to the definitions used in the Requests to the extent they are different than those set forth in Rule 26.5(c) of the Local Rules of the United States District Court for the District of Massachusetts.  MTA will use the definitions set forth in Rule 26.5(c) of the Local Rules of the United States District Court for the District of Massachusetts.

3.      MTA objects to the terms "you," "person," and "persons" as defined by Plaintiff to the extent that the definitions purport to encompass persons and entities that are legally distinct from MTA, to the extent that they purport to impose obligations on non-parties to this litigation, and to the extent that they seek to require MTA to produce or disclose information not in its possession, custody or control.  MTA will not produce documents or information not in its possession, custody or control.

4.      MTA objects to the Requests to the extent that they call for the disclosure of information and/or production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, any joint defense or common interest privilege, rules governing privacy or confidentiality, laws governing disclosure of personal or other protected information of clients or others, and any other applicable privilege, prohibition, limitation, immunity or protection from discovery, or whose disclosure is prohibited by law, regulation or order.  Information covered by such privileges is not subject to disclosure, and the Requests will

not be construed to seek such information.  Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or any work product protection or any other privilege that may attach thereto.

5.      MTA objects to the Requests to the extent that they seek confidential or proprietary business information or to the extent they seek personal, private and/or confidential information of others.  MTA will only produce confidential or proprietary documents or information pursuant to a Stipulated Protective Order.

6.      All of the MTA's responses are limited to Count I (defamation against MTA) of Plaintiff's Amended Complaint, which is the sole surviving claim in this action.

## **OBJECTIONS AND RESPONSES**

**Request for Production No. 1:**

All attachments sent in the June 19, 2019 email from NEA.

**Response to Request for Production No. 1:**

Defendant objects to this request on the grounds that it is vague, ambiguous and unclear in identifying the documents requested. MTA also objects to this request to the extent it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.  MTA objects to this request to the extent it seeks documents already produced and/or already in Plaintiff's possession.

Subject to and without waiving the foregoing objections, Defendant already produced the attachment to a June 19, 2019 email MTA received from NEA with its Initial Disclosures.

**Request for Production No. 2:**

Copies of all publication methods of the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

**Response to Request for Production No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous and unclear in identifying the documents requested. MTA also objects to this request on the grounds that the phrase "all publication methods" is undefined, vague, ambiguous and confusing.

**Request for Production No. 3:**

Communications with all recipients who received the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

**Response to Request for Production No. 3:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  MTA also objects to this request on the grounds that it

seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks documents already produced and/or already in Plaintiff's possession. In addition, MTA objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Defendant already produced documents responsive to this request with its Initial Disclosures.

**Request for Production No. 4:**

All META data from the 15-page Project Veritas (PV) Dossier (the Dossier or PV Look Book).

**Response to Request for Production No. 4:**

MTA objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendant already produced documents responsive to this request with its initial disclosures.

**Request for Production No. 5:**

Webpage analytics reports for both urls:

a. https://massteachers.org/-/media/massteacher/files/conferences/nea-ra/project-veritas.pdf?la=en

b. https://massteachers.org/events-and-confrences/nea-ra/tips-for-protecting-yourself.

**Response to Request for Production No. 5:**

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, and to the extent it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any, in its possession, custody or control.

**Request for Production No. 6:**

All META data for, and a full list of who had access to this page, and how long it was up for: https://massteachers.org/events-and-confrences/nea-ra/tips-for-protecting-yourself.

**Response to Request for Production No. 6:**

MTA objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the requested documents, overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendant will produce responsive documents, if any, in its possession, custody or control.

**Request for Production No. 7:**

All documents and communications from the NEA, Ellen Bradley, Kimberly Domingez or anyone else that Defendant spoke with regarding The Dossier.

**Response to Request for Production No. 7:**

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter. MTA further objects to this request to the extent it seeks documents already produced and/or

already in Plaintiff's possession. In addition, MTA objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Defendant already produced documents responsive to this request with its Initial Disclosures.

**Request for Production No. 8:**

All documents and content from the internal/external web address "nea-ra" from 2019 and 2020.

**Response to Request for Production No. 8:**

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, not proportional to the needs of the case, and seeks information with reference to an unreasonably broad time period.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter. MTA further objects to this request to the extent it seeks documents not within MTA's custody, possession or control.

**Request for Production No. 9:**

All delegates from MTA attended the 2019 NEA RA.

**Response to Request for Production No. 9:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad. MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter.

**Request for Production No. 10:**

All communications and documents associated with the 2019 annual meeting, as to project veritas and The Dossier from Jessica Parlon.

**Response to Request for Production No. 10:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

**Request for Production No. 11:**

All communications and documents associated with the 2019 annual meeting, as to project veritas and The Dossier from Wonder Hollingsworth.

**Response to Request for Production No. 11:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

**Request for Production No. 12:**

All communications and documents associated with the 2019 annual meeting, as to project veritas and The Dossier from Ryan Leach.

**Response to Request for Production 12:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Request for Production No. 13:**

All staff attorneys or retained/contracted attorneys from June 2019 through May 2020 by Defendant for any matters.

**Response to Request for Production No. 13:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Request for Production No. 14:**

All legal cases that Defendant was involved in from June 2019 through May 2020.

**Response to Request for Production No. 14:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Request for Production No. 15:**

All communications between Ryan Leach And Chubb Insurance regarding the NEA June 19, 2019 email.

**Response to Request for Production No. 15:**

Defendant objects to this request on the grounds that it is overly broad. MTA also objects

to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter. MTA further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Request for Production No. 16:**

All communications between Defendant and NEA, specifically when Defendant sent NEA The Dossier.

**Response to Request for Production No. 16:**

MTA objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, responsive documents, if any, in its possession, custody or control concerning the Dossier.

**Request for Production No. 17:**

All communications between Defendant and anyone who was sent The Dossier.

**Response to Request for Production No. 17:**

Defendant objects to this request on the grounds that it is vague, ambiguous, unclear in identifying the documents requested, and overly broad. MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.  MTA further objects to this request to the extent it seeks

production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure.

**Request for Production No. 18:**

All documents regarding the chain of custody/distro methods/publication methods/distro recipients of The Dossier.

**Response to Request for Production No. 18:**

Defendant objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the documents requested, overly broad and seeks information with reference to an unreasonably broad time period.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

**Request for Production No. 19:**

List of all 2019 NEA RA attendees and their union/affiliation/association/entity they belong to.

**Response to Request for Production No. 19:**

MTA objects to this request on the grounds that it is vague, ambiguous, and overly broad. MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. MTA further objects to this request to the extent it seeks documents not within its custody, possession or control.

**Request for Production No. 20:**

Every recipient of the June 19, 2019 email from Ellen Bradlay [*sic*] "Subject: Annual Meeting/Project Veritas" and all attachments.

**Response to Request for Production No. 20:**

MTA objects to this request on the grounds that it is vague, ambiguous, confusing, unclear

in identifying the requested documents, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

**Request for Production No. 21:**

All communications between Defendant and Ellen Bradley.

**Response to Request for Production No. 21:**

MTA objects to this request on the grounds that it is vague, ambiguous, unclear in identifying the requested documents, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

**Request for Production No. 22:**

All communications between Defendant and Kim Dominguez.

**Response to Request for Production No. 22:**

MTA objects to this request on the grounds that it is vague, ambiguous, confusing, unclear in identifying the requested documents, and overly broad.  MTA also objects to this request on the grounds that it seeks documents that are not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.

Respectfully submitted,
MASSACHUSETTS TEACHERS
ASSOCIATION,

By its attorneys,

*/s/ Kenneth M. Bello*
Kenneth M. Bello, BBO #036630
Carolyn M. Crowley, BBO #663616
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, MA 02110
(617) 274-2900
kbello@barclaydamon.com
ccrowley@barclaydamon.com

Dated: September 10, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Carolyn M. Crowley, hereby certify that on this 10th day of September 2021, I caused a copy of the foregoing document to be served via **<u>electronic mail</u>** upon the following counsel of record:

John H. Landino, ***pro se***
124 Rumson Road
Rumson, NJ 07760
(201) 560 – 2500
john.landino@gmail.com

*<u>Carolyn M. Crowley</u>*
Carolyn M. Crowley
