# BARCLAY DAMON LLP

**Carolyn Marcotte Crowley**
*Partner*

September 17, 2021

**VIA ELECTRONIC MAIL (John.landino@gmail.com)**

John H. Landino
124 Rumson Road
Rumson, NJ 07760

Re: John H. Landino v. Massachusetts Teachers Association, et al.
D. Mass. Civil Action No. 20-cv-11392

Dear Mr. Landino:

I write in response to your "Notice of Deficiency Notice Re: First Set of Interrogatories" dated September 14, 2021 (the "September 14 Notice").

First, your assertions that the MTA has "complete[ly] failed to produce any of the documents requested and complete failure to answer any interrogatories" are baseless. The MTA has fully responded to your discovery requests including to your twenty-two (22) document requests and your twenty-four (24) numbered interrogatories. Your discovery requests were objectionable and the MTA noted its objections in its responses, which were timely served. In addition, some of the documents requested were produced with MTA's initial disclosures as referenced in the appropriate responses. Further, the MTA is searching for documents responsive to Requests Nos. 5 and 6 and will supplement its production as required under the rules. Otherwise, the MTA has produced responsive documents it currently has.

Also, regarding interrogatories, Federal Rule of Civil Procedure 33 permits a party to propound no more than twenty-five (25) interrogatories on a party. Considering the compound nature of many of your interrogatories (see, for example, Interrogatory No. 18), it is the MTA's position that you have already served at least twenty-five (25) separate interrogatories.

Second, the MTA rejects your assertion that it is in any way in violation of any Court Order. On June 24, 2021, the Court entered a scheduling order for this case with various deadlines, including that written discovery be served by August 30, 2021 and that fact discovery be completed by February 28, 2022.

Third, as you are aware, MTA's counsel, Ken Bello, joined Barclay Damon LLP in August 2021. As a professional courtesy, I, being new to the case, requested a short extension of time to respond to your discovery requests, to which you agreed and which is acceptable under Rule 29.

160 Federal Street - Suite 1001 - Boston, Massachusetts 02110  barclaydamon.com
ccrowley@barclaydamon.com  Direct: (617) 274-2904  Fax: (617) 722-6003
Also Admitted in: New York

John H. Landino, *pro se*
September 17, 2021
Page 2

MTA responds to the remaining points in your September 14 Notice as follows:

### 1. Requests for Admission

MTA categorically rejects your position that "[MTA's] objects to respond to some of my Requests For Admissions means they are all now deemed admitted." MTA's responses to your seventy-six (76) Request for Admissions fully comply with the requirements under Federal Rule of Civil Procedure 36. A party may object to a request for admission and state the grounds for the objections, as provided under Fed. R. Civ. P. 36(a)(5).[1] MTA appropriately objected to certain requests and its objections and responses are proper and sufficient under Rule 36. In addition, MTA responded to all of the requests subject to any objections it made.

As noted, many of your requests for admission and other discovery requests are objectionable and seek information irrelevant to the claims and defenses in this case. The sole claim you have in this case is a claim for defamation against the MTA with respect to five specific statements in the dossier. As you know, by Memorandum and Order dated May 27, 2021, the Court (Casper, J.) dismissed all of your other claims against MTA.

### 2. Applicable Rules of Civil Procedure

Your letter cites to and quotes from the Massachusetts Rule of Civil Procedure. You filed your action in federal district court and the applicable rules are the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts.

More specifically, in your letter, you incorrectly cite to the scope of discovery standard in Rule 26 of the Massachusetts Rules of Civil Procedure. The applicable rule is Federal Rule of Civil Procedure 26, which states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

### 3. Privilege Log

MTA has not withheld any documents or information responsive to your discovery requests on the basis of privilege, and therefore, your demand for a privilege log is baseless. MTA objected

---

[1] Additionally, pursuant to Local Rule. 36.1(b), where a party objects to a Request for Admission and it is subsequently determined that the request is proper, the party has 14 days to serve a statement denying the matter or setting forth the reasons why the party cannot admit or deny the matter, as provided in Fed. R. Civ. P. 36.

John H. Landino, *pro se*
September 17, 2021
Page 3

to your requests to the extent that they sought privileged documents or information, which is not subject to disclosure. In any event, as noted, MTA has not withheld any documents or information on the basis of any privilege and, as such, there is no privilege log.

### 4. Your Baseless Allegation About Document Tampering

There has been no tampering of documents produced and there is no basis for your assertion that there has been any tampering. As a courtesy, I attach a copy of MTA 0001-0017 in native format, which includes the emails and all attachments.

Finally, MTA directs you to Local Rules 7.1 and 37.1 which requires you to hold a discovery conference prior to filing any discovery motion in this Court. I also note that any such discovery motion would be baseless and MTA will seek its attorneys' fees and costs in opposing baseless motions.

Sincerely,

Carolyn M. Crowley

Enclosures