```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   JOHN H. LANDINO,

 5                    Plaintiff,        Civil Action
                                        No. 20-11392-DJC
 6   V.
                                        June 21, 2021
 7   MASSACHUSETTS TEACHERS ASSOCIATION,  3:31 p.m.

 8                    Defendant.
     _____
 9

10

11      TRANSCRIPT OF SCHEDULING CONFERENCE VIA VIDEOCONFERENCE

12            BEFORE THE HONORABLE DENISE J. CASPER

13               UNITED STATES DISTRICT COURT

14            JOHN J. MOAKLEY U.S. COURTHOUSE

15                  1 COURTHOUSE WAY

16                  BOSTON, MA  02210

17

18

19

20
                  DEBRA M. JOYCE, RMR, CRR, FCRR
21                   Official Court Reporter
                  John J. Moakley U.S. Courthouse
22               1 Courthouse Way, Room 5204
                      Boston, MA  02210
23                  joycedebra@gmail.com

24

25
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:

 3   JOHN H. LANDINO
     124 Rumson Road
 4   Rumson, NJ 07760
     201-560-2500
 5   john.landino@gmail.com

 6
     FOR THE DEFENDANT:
 7
     JUSTIN L. ENGEL, ESQ.
 8   Bello Welsh LLP
     125 Summer Street
 9   Suite 1200
     Boston, MA 02110
10   617-209-5194
     jengel@bellowelsh.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

<u>P R O C E E D I N G S</u>

1

2        (The following proceedings were held via

3  videoconference before the Honorable Denise J. Casper, United

4  States District Judge, United States District Court, District

5  of Massachusetts, at the John J. Moakley United States

6  Courthouse, 1 Courthouse Way, Boston, Massachusetts, on June

7  21, 2021.)

8        THE CLERK:  Civil action 20-11392, <u>John Landino v.</u>

9  <u>Massachusetts Teachers Association</u>.

03:31  10        To all participants, pursuant to Local Rule 83.3,

11  persons granted remote access to proceedings are reminded of

12  the general prohibition against photographing, recording, and

13  rebroadcasting of court proceedings.  Violation of these

14  prohibitions may result in sanctions.

15        And we'll ask the plaintiff to state your name for the

16  record, and then counsel for the defendant.

17        MR. LANDINO:  John Landino, *pro se*.

18        THE COURT:  Good afternoon, sir.

19        MR. LANDINO:  Good afternoon, your Honor.

03:31  20        MR. ENGEL:  Justin Engel for the defendant,

21  Massachusetts Teachers Association.

22        THE COURT:  Good afternoon.

23        MR. ENGEL:  Good afternoon.

24        THE COURT:  Sir, counsel, I know we're here for an

25  initial scheduling conference.  I did have a chance to review

1   Docket 27, the parties' joint statement.

2          I know there's some agreement about certain dates and

3   then disagreement about other dates, so I'll get to that in a

4   moment.

5          The first is I just wanted to review a few initial

6   matters, the first of which I think I know the answer to, which

7   is, I understood from the joint statement that the parties

8   don't agree to trial before a magistrate judge, so I'm assuming

9   the matter is proceeding before me at this time.

03:32 10          Mr. Landino; is that correct?

11          MR. LANDINO:  Yes, your Honor, please.

12          THE COURT:  Mr. Engel; is that correct?

13          MR. ENGEL:  Yes, your Honor.

14          THE COURT:  The second thing I always inquire about,

15   not just because the rules contemplate it but also to see if

16   there's any interest in early referral for mediation.  But I

17   wondered if there had been a settlement demand made,

18   Mr. Landino, to the defendant, to the Teachers Union at this

19   time.

03:33 20          MR. LANDINO:  No, your Honor.  I'm not adverse to

21   doing that.  I just believe the case is still in its infancy.

22   We don't know who the Jane or John Does are, where this

23   blacklist was distributed, how it was distributed, but I do --

24   in good faith I will tell you that as this information

25   hopefully becomes available, I will make every effort to work

1   with the defendant to try to keep this out of your court;

2   however, I just don't feel we have the information for me to

3   make a proper settlement demand at this moment.

4         THE COURT:  Okay.

5         Mr. Engel, what's your position on that?  I was just

6   looking at the schedule otherwise in terms of what I think at

7   least the initial stages were agreed to by the parties, I may

8   think about a date connected to that.

9         Mr. Landino, you can make whichever demand you think

03:34 10   you can based on the information you have at that point, but,

11   Mr. Engel, do you have a position?

12         MR. ENGEL:  Yeah, your Honor.  I would never preclude

13   the possibility of a resolution of a case through mediation,

14   and we would welcome the opportunity to have that conversation.

15   That being said, it's rather difficult to form a position on

16   whether or not mediation would be fruitful at this stage

17   without having received a settlement offer.

18         THE COURT:  So, counsel, let me do this.  I think the

19   parties had agreed that initial disclosures should be made by

03:34 20   July 6th, if I'm correct, counsel, Mr. Landino.

21         MR. LANDINO:  Yeah, I had July 1st.  July 6th is fine.

22         THE COURT:  Okay.  Maybe I wrote it down -- I had --

23         MR. LANDINO:  I'm sorry.

24         THE COURT:  Go ahead.

25         MR. LANDINO:  I have my plaintiff's proposed discovery

1    scheduling order which laid out my dates, but those initial

2    dates are very close to the defendant's, and, again, I'm

3    willing to work with the Court and the defendant as much as

4    possible to make this easier for you.

5           THE COURT:  Sure.  So I guess, counsel -- and I'm

6    sorry if I misspoke.  I saw your full proposal and the last

7    page and I guess maybe the July 6th was --

8           MR. LANDINO:  That's okay, it's all right.

9           MR. ENGEL:  Your Honor, if I may.  I'm looking at the

03:35 10   discovery plan right now.  And so initial disclosures we both

11   had -- we did both have July 6th; Mr. Landino had July 1st for

12   initial written --

13          MR. LANDINO:  I'm sorry.

14          THE COURT:  Initial demand.  I thought that was right.

15          So, counsel, I guess what I'm thinking is, why don't I

16   do this:  I'll adopt July 6th as the deadline for the exchange

17   of initial disclosures between the parties, and then what I'll

18   do is I'll make two weeks later, July 20th, Mr. Landino, a

19   deadline for getting a settlement demand to the defense.

03:36 20   Again, this is just between you and defense counsel, it's not

21   something coming to the Court.

22          And then, Mr. Engel, you can respond to that two weeks

23   later, that way things are moving forward, at least you'd have

24   some input from the initial -- the exchange of initial

25   disclosures.  Maybe that will prompt some discussion, maybe it

1     won't, but at least that would move forward.

2           Counsel, I think the dates beyond that the parties may

3     have had different views on.  I know the defense was looking

4     for phased discovery, Mr. Landino thought it should all be at

5     once.

6           Let me -- does either side need to be heard any

7     further on those matters?  I'll ask Mr. Engel since I think it

8     was the defense side that was proposing phased discovery.

9           MR. ENGEL:  Yeah, your Honor.  The rationale for

03:37 10    seeking phased discovery here was, from our perspective, this

11    case is not particularly complicated.  Eight of the nine claims

12    have been dismissed.  The defamation claim remains.  We all

13    agree that the so-called dossier that is the subject of the

14    defamation claim was, in fact, posted on MTA's website for a

15    period of time.

16          This is not a document-intensive case.  The majority

17    of the documents that are going to be relevant, in fact, that

18    MTA has in its possession are already attached to the complaint

19    itself; the dossier is part of the record already.  There may

03:38 20    be a handful of additional documents beyond that.

21          So in light of that fact, we think it makes more sense

22    in a case like this where we don't expect the document

23    production process to take a significant amount of time to move

24    forward to the core issue in the case, which is, you know, with

25    a full record is, were the statements, in fact, capable of a

```
 1    defamatory meaning, was MTA at fault in posting them, and then
 2    also, if there's a basis for damages.  We only intend to take
 3    one deposition in the case, that deposition will be the
 4    deposition of the plaintiff.
 5         So we think that that can and should be done in short
 6    order, and then we'll file a dispositive motion.
 7         Of course, if your Honor denies that motion, we
 8    recognize there may be some additional discovery beyond that
 9    that may be necessary to prepare for trial.
10    So that's really the rationale.
11         THE COURT:  Counsel, I appreciate the proposal.  I
12    guess -- and obviously I was also focused on what remains of
13    the claims, but I guess I'm not sure what benefit there is from
14    an efficiency standpoint in phasing discovery here because
15    there is one claim, right.
16         So, meaning, what is it you think that will be saved
17    by phased discovery since there is one claim?  And, you know, I
18    think we're all familiar with what the elements are.  So it's
19    not clear to me what would be saved in phasing it this way.
20         Counsel, anything you want to add on that point?
21         MR. ENGEL:  No, I think it's just to avoid a situation
22    where there's not an accessibly large number of unnecessary
23    discovery requests.  We think that this case -- that we can
24    really get to the merits of this case in short order.
25         So, really, it's more of an interest in having -- not
```

1   having a discovery process that lasts for the next eight to

2   nine months.

3            THE COURT:  Okay.

4            MR. ENGEL:  So whether it's a phased discovery or

5   whether it's a shortened discovery schedule, we would be

6   comfortable either way, your Honor.

7            THE COURT:  Thank you.

8            Mr. Landino, do you need to be heard on this issue?

9            MR. LANDINO:  Just briefly, if you don't mind, your

03:40 10   Honor.

11            THE COURT:  Sure.

12            MR. LANDINO:  There's -- there are other parties that

13   are involved.  On Massachusetts Teachers Association website,

14   the file path for this document came from the NEA's national

15   meeting.  I know it's in my papers, but I would like to repeat

16   it.  The NEA national meeting is the largest meeting,

17   professional meeting in the country with almost 10,000

18   delegates from every single teacher's association in this

19   country.  I have already discovered some information online

03:41 20   that these -- that this entity, these entities, this enterprise

21   was working together, they were working together because they

22   were alerted about something possibly that might or might not

23   have happened with Project Veritas during this meeting.

24            There's a case -- the file path for the document the

25   MTA posted goes to the NEA RA, which is the national meeting.

1          If this was indeed distributed by the NEA nationally
2    to every single teacher's association or vice versa from the
3    Massachusetts Teachers Association to the NEA then back to
4    delegates to every single home state in this country, that's
5    something I need to find out.  That is an egregious offense
6    against me.  That is why I do ask for standard discovery.

7          It's just me, your Honor.  I don't have paralegals and
8    a fleet of attorneys.  I'm not going to overburden this very
9    successful law firm with my requests.  But the evidence right
03:42 10   now as it is on the record stands to show that other parties
11   were involved, and they're not small parties, they're not
12   individuals, these are national organizations.  So for that
13   reason, I do request, because it's just me, the standard time
14   for discovery, your Honor.

15         THE COURT:  So, counsel, here's what I'm going to do.
16   I've sort of -- at this point I've adopted and I've told you
17   what the schedule is going to be in terms of initial
18   disclosures, the settlement demand, the response to the
19   settlement demand.

03:42 20        As I indicated, I'm not -- I'm not going to adopt
21   phased discovery, but I do want to think about what the
22   appropriate length of time is given that only one claim
23   remains.  So I will adopt an integrated, you know, just
24   discovery, no phases.  I want to give some more thought to
25   that, comparing your dates and give some more thought to what I

 1  think is the right schedule.  And I will do that in the next

 2  few days and enter the rest of the schedule on the docket, and

 3  we'll move forward from there.

 4          I'll also adopt, as is my usual practice, I'll adopt a

 5  status conference for after the end of fact discovery.  So I'll

 6  see you before summary judgment motions are due just to get a

 7  sense of whether or not there will be summary judgment motions

 8  and if the scheduling after that should be either a summary

 9  judgment motion hearing or an initial pretrial.

03:43 10          But let me do that, counsel, and I'll put the rest of

11  the schedule on ECF.

12          In the meantime, you have the first dates that are

13  going to come up, okay.

14          MR. ENGEL:  Okay, thank you, your Honor.

15          THE COURT:  Counsel, Mr. Landino, anything further at

16  this point?

17          MR. ENGEL:  Not on my end, your Honor.

18          THE COURT:  Mr. Landino?

19          MR. ENGEL:  I think we may have lost him.

03:44 20          THE CLERK:  I think we lost him.

21          THE COURT:  Okay.  If he pops up again, you can just

22  say we've recessed or just let him know that that's where we

23  left things, Mr. Engel.

24          MR. ENGEL:  Okay, I will do that.

25          THE COURT:  Okay, stay well.

1          MR. ENGEL:  You as well.  Have a good afternoon.

2          (Court adjourned at 3:44 p.m.)

3              - - - - - - - - - - - -

4                    CERTIFICATION

5          I certify that the foregoing is a correct transcript

6    of the record of proceedings in the above-entitled matter to

7    the best of my skill and ability.

8

9

10

11   /s/Debra M. Joyce                    October 4, 2021
     Debra M. Joyce, RMR, CRR, FCRR       Date
12   Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25